Kristin A. Schuler-Hintz, Esq., Nevada SBN 7171
Christopher M. Hunter, Esq., Nevada SBN 8127
McCarthy & Holthus, LLP
9510 W. Sahara, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
KHintz@mccarthyholthus.com

Attorney for Defendant, Greater Nevada Mortgage Services

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH MARLEY and MICHAEL B. MARILUCH, <br><br> Plaintiffs, <br><br> v. <br><br> GREATER NEVADA MORTGAGE SERVICES; FIRST CENTENNIAL TITLE COMPANY; MILES, BAUER, BERGSTROM & WINTERS, LLP; JEREMY T. BERGSTROM, ESQ. and DOES 1 – 25 CORPORATIONS, DOES and ROES 1 – 25 Individuals, Partnerships, or anyone claiming any interest to the real property described in the action, <br><br> Defendants. | CASE NO. 3:11-cv-00716-ECR-VPC <br><br> **GREATER NEVADA MORTGAGE SERVICES' MOTION TO DISMISS** |

COMES NOW Defendant, Greater Nevada Mortgage Services ("Greater Nevada"), by and through its counsel of record, Christopher M. Hunter, Esq., of McCarthy & Holthus, LLP, and move the Court to Dismiss Plaintiffs' ("Plaintiff") Complaint *with prejudice*.

This Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6)) for failure to state a claim for relief against Greater Nevada. Pursuant to Local Rule 7-2, any Response and/or Opposition to this motion must be filed with the court and served within 15 days after service hereof. Any Reply must be filed with the Court and served within 11 days after service of

1

any response or opposition. Failure to file a timely opposition may result in the granting of the instant motion without hearing.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all pleadings and documents herein, as well as any argument that may be presented at the hearing of this, or any other motions/matters; the Court is requested to take judicial notice as appropriate.

Dated: 7/18//2011

/s/*Christopher M. Hunter*
Christopher M. Hunter, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

#### INTRODUCTION

Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires **the reviewing court to draw on its judicial experience and common sense . . . .** In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are **not entitled to the assumption of truth**. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) (emphasis added). Because the theories on which their claims are based defy common sense, are contrary to the law, and fail to state cognizable claims for which relief can be granted, each of Plaintiffs' causes of action against Greater Nevada also fail as a matter of law.

Further, "[a]lthough there is some allowance for extraneous material, a long, rambling, confusing, and conclusory diatribe is too much, and a court may in its discretion dismiss such a complaint under [Fed. R. Civ. P.] 8(e)." *Gomez v. Countrywide Bank, FSB* 2009 WL 3617650, *2 (D. Nev., October 26, 2009) (Slip Op.), citing, *Nevijel v. North Coast*

*Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, Plaintiffs include page after page of lengthy diatribe on the state of the American economy and the process of securitization, none of which are pertinent to the specifics of the subject transaction. Plaintiffs allege that his promissory note and deed of trust became separated when the loan was securitized. Plaintiffs alleges that the bond investors are the real parties in interest and that the loan has been paid by collateralized debt obligations and/or federal bailout funds without any specific fact presentation whatsoever.

## II.

### FACTS AS ALLEGED IN THE COMPLAINT AND FROM PUBLIC RECORDS

Plaintiffs are the owners of the property at 3323 N. Truckee Lane, Sparks, Nevada ("Subject Property"). The Subject Property was financed through the execution of a note and deed of trust promising to repay the sum of $305,000 in monthly installments to Greater Nevada. The deed of trust was recorded on July 27, 2006 in the official records of Washoe County, Nevada as document number 3418604. A copy of the deed of trust is attached as Exhibit 1.

On April 21, 2011, a substitution of trustee was recorded as document number 3995587. The substitution was executed by Mortgage Electronic Registration Systems, Inc. as nominee for Greater Nevada and appointed Miles, Bauer, Bergstrom & Winters, LLP as the substitute foreclosure trustee. A copy of this document is attached as Exhibit 2. On the same date, Miles, Bauer, Bergstrom & Winters, LLP commenced a non-judicial foreclosure by recording a notice of default and election to sell on April 21, 2011 as document number 3995588. The notice of default indicated Plaintiffs defaulted on the loan on January 1, 2011. A copy is attached as Exhibit 3.

Miles, Bauer, Bergstrom & Winters, LLP next recorded a notice of sale on September 2, 2011 as document number 4037343. The notice of sale scheduled the Subject Property for auction on September 29, 2011. A copy is attached as Exhibit 4. Plaintiffs filed this action in state court on September 27, 2011 and Greater Nevada removed the action to this Court on October 5, 2011. The Subject Property has not been sold.

All exhibits referenced herein are attached to this Motion. Greater Nevada respectfully requests judicial notice of the deed of trust, as well as the other exhibits. Under Federal Rule of Evidence 201, a court may judicially notice matters of public record. *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). All exhibits hereto should be judicially noticed because they are a public record in the Washoe County Recorder's office.

### III.

#### LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief' in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N Star Int'l v. Ariz. Corp. Comm 'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations

as true and construe them in the light most favorable to the plaintiff. See *NL Indus., Inc. v. Kaplan*, 792 F.2d 896,898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors,* 266 F.3d 979,988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.,* 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner* & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)( 6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell,* 14 F.3d 449,454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912,925 (9th Cir. 2001).

# IV.

## ARGUMENT

### A. Neither the foreclosure trustee nor Greater Nevada need to be licensed

Plaintiffs' first cause of action alleges that non-judicial foreclosure is a debt collection activity requiring the trustee and Greater Nevada to be licensed as debt collectors. Miles, Bauer, Bergstrom & Winters, LLP acted as the foreclosure trustee in this matter. Miles, Bauer, Bergstrom & Winters, LLP is a law firm and Jeremy Bergstrom is a Nevada licensed attorney. NRS 649.020 provides, in pertinent part, as follows: **"Collection agency" does not include any of the following unless they are conducting collection agencies: . . .**

**(g) Attorneys and counselors at law licensed to practice in this State, so long as they are retained by their clients to collect or to solicit or obtain payment of such clients' claims in the usual course of the practice of their profession.**

As a result of the foregoing Defendants, Miles, Bauer, Bergstrom & Winters, LLP and Jeremy Bergstrom, are specifically exempted from being licensed as debt collectors.

As for Greater Nevada, it need not be licensed because, as shown by the chain of title on the Subject Property, at all times Greater Nevada has been attempting to collect its own debt. 15 U.S.C. § 1692a(6). Further, Greater Nevada, at all times, has been the servicer of Plaintiffs' loan. As stated by this Court in *Torne v. Republic Mortgage, LLC*, 2010 U.S. Dist. LEXIS 45518 (D. Nev. 2010):

> Plaintiff also alleges Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(6). The FDCPA only applies to debt collectors, which are defined as parties whose primary purpose is the "collection of . . . debts owed or due or asserted to be owed or due another."15 U.S.C. § 1692()(6). Under the statute, the term debt collector does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id. §1692(a)(6)(A). Courts have widely held that mortgage servicing companies are not debt collectors under the

6

statute unless the mortgage was in default at the time it was assigned. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Williams v. Countrywide Home Loans, Inc.* 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007).

Here, the loan was not in default when Greater Nevada acquired the loan because Greater Nevada originated the loan.

Plaintiffs also assert, in the second cause of action, that failure to be licensed constitutes a deceptive trade practice under NRS 598.0923 by way of NRS 41.600(2)(d). However, it follows that since neither Greater Nevada nor the trustee are required to be licensed there cannot be a viable action for a deceptive trade practice based upon failure to be licensed.

As a result of the above cited authority, Plaintiffs' allegations in the first and second causes of action fail.

**B.  Plaintiff has no viable claim under NRS 598D**

Plaintiff's third cause of action alleges predatory lending violations under NRS 598D.

**1.  NRS 598D is inapplicable to this loan**

The general rule is that is that statutes are prospective only; unless it clearly, strongly, and imperatively appears from the act itself that the legislature intended the statute to be **retrospective** in its operation. *See, e.g, State Ex Rel. Progress v. Court,* 53 Nev. 386, 2 P.2d 129 (1931).[1] No such **retroactive** intent appears in the amendments to NRS 598D.100(1)(b). Nor does any retroactive intent appear in the plain language of the statute, itself. It is a long recognized tenet of statutory construction that "when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it."[2] The language of NRS 598D.100(1)(b) states as follows:

---

[1] Quoting from, *Eggleston v. Costello* (*In re Estate of Thomas*), 116 Nev. 492 (2000)
[2] City of *Henderson v. Kilgore*, 131 P.3d 11 (2006) quoting from *City Council of Reno v. Reno Newspapers* 105 Nev. 886, 891 (1989)

7

> It is an unfair lending practice for a lender to: …. (b) Knowingly or intentionally make a home loan, other than a reverse mortgage, to a borrower, including, without limitation, a low-document home loan, no-document home loan or stated-document home loan, without determining, using any commercially reasonable means or mechanism, that the borrower has the ability to repay the home loan…..

Said language requiring using a commercially reasonable means of verifying repayment was added in 2007 and made effective October 2007. It is impossible for any lender originating a loan prior to have violated NRS 598D.100(1)(b) as the statutory requirement did not exist until then. As such NRS 598D.100 (1)(b) is inapplicable to the case at bar because Plaintiffs' loan originated in July, 2006.

**2. Plaintiffs' claims under NRS 598D.100 are time barred**

NRS 598D.110 provides that a lender is liable for treble damages for willfully engaging in unfair lending practices. NRS 598D.110. The title of this section specifically states "criminal and civil penalties". NRS 11.190(4)(b) imposes a two-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, where the action is given to a person or the state, or both, except when the statute imposing it prescribes a different limitation." NRS 11.190(4)(b); *Edwards v. Emperor 's Garden Restaurant*, 122 Nev. 317, 327-28, 130 P.3d 1280, 1286-87 (2006).

In the case at bar, it is undisputed that Plaintiffs' claim against Greater Nevada was not filed until September, 2011, which is more than two years after the loan was originated. Dismissal of Plaintiffs' claims will be appropriate, as the facts alleged by Plaintiffs establish that the applicable statute of limitations for this type of action bar recovery. *Bank of Nevada v. Friedman*, 82 Nev. 417, 422, 420 P.2d 1, 4 (1966) ("When the complaint shows on its face that the cause of action is barred, the burden falls upon the plaintiff to satisfy the court that the bar does not exist.").

**C.  Plaintiff cannot assert breach of duty of good faith against Greater Nevada**

Plaintiffs' fourth claim for relief is entitled breach of the duty of good faith.  The allegation is that Greater Nevada promised a loan modification to Plaintiffs and did not perform.  As set forth in *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.* 107 Nev. 226, 234 (1991), the implied covenant of good faith and fair dealing means that each party has impliedly agreed not to do anything to destroy or injure the rights of the other to receive the benefit of contact.  Thus, each party has the duty not to prevent or hinder performance by the other party.  In the instant case, Plaintiffs have failed to allege any facts that establish that Greater Nevada engaged in any act that would prevent Plaintiff from receiving the benefit of the contract represented by the note and deed of trust.   Plaintiffs have failed to allege any facts in support of a conclusion that Greater Nevada has stopped Plaintiffs from repaying the loan obligation.  There are no factual allegations of how Greater Nevada interfered (or could have interfered) with Plaintiffs' performance under the terms of the applicable note and deed of trust.

Further, is no evidence of a contract between Plaintiffs and Greater Nevada regarding loan modification.  The Nevada Statute of Frauds **r**equires that, in general, all contracts that either involve land transactions or that will not be completed within one year must be in writing. *See* NRS §§ 111.205.  The note in the case at bar comes within the statute because it is secured by a deed of trust. *See Summa Corp. v.Greenspun*, 96 Nev. 247, 252, 607 P.2d 569 (1980).  Thus, the lack of written evidence of a loan modification is fatal to Plaintiffs' fourth cause of action.

Finally, to the extent that Plaintiff seeks to allege that Greater Nevada had an obligation to enter into a modification agreement, this argument fails because a mortgage

lender has no obligation to modify a mortgage loan absent an express provision in the underlying loan documents. See *Benito v. IndyMac Mortgage Services*, 2010 WL 2130648 *5 (D. Nev. 2010) (lender has no obligation to take on an additional obligation not required in the loan contract itself. *Benito* at *7).

**D. Plaintiffs Cannot Declare the Foreclosure Void**

In the fifth cause of action, Plaintiffs attempt to state a claim for violation of N.R.S. § 107.080, the Nevada statute that governs non-judicial foreclosure and confers a power of sale upon the "trustee," to be exercised after a default. N.R.S. § 107.080. But Section 107.080 "does *not provide homeowners with a private right of action* for tort damages." *Chavez v. Cal. Recon. Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006, at *2 (D. Nev. Jun. 18, 2010) (N.R.S. § 107.080 "does not provide homeowners with a private right of action for tort damages"). Regardless, Plaintiffs do not allege *any* facts to suggest that Greater Nevada's nor the foreclosure trustee's conduct in non-judicial foreclosure failed to comply with any of the statutory requirements.

Plaintiffs allege that the transfer of the promissory note rendered the note unsecured and not subject to a foreclosure sale. First of all, the chain of title shows that the loan was not transferred at all. In addition, this "splitting" theory, however, cannot form the basis of any statutory claim. According to Plaintiffs' so-called "splitting" theory, the transfer or sale of Plaintiffs' promissory notes "splits" or "separates" the notes from the deeds of trust by which the notes is secured, and that this "splitting" or "separation" from the note somehow renders all loans sold or transferred to be "unsecured." The Ninth Circuit Court of Appeals has now debunked this theory and has recognized that the standard form deed of trust at issue in this case properly discloses MERS' involvement, duties, and powers in holding and

transferring the mortgage interests. *See Cervantes v. Countrywide Home Loans, Inc.*, — F.3d —, 2011 WL 3911031 *4-8 (9th Cir. September 7, 2011).

More importantly, the court in *Cervantes* speaks to the split note theory which Plaintiffs utilize as the principal basis for their complaint of wrongful foreclosure:

> Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose. The legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation. *See, e.g., Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97 (Me. 2010) (concluding that MERS cannot foreclose because it does not have an independent interest in the loan because it functions solely as a nominee); *Landmark Nat'l Bank*, 216 P.3d at 165-69 (same); *Hooker v. Northwest Tr. Servs.*, No. 10-3111, 2011 WL 2119103, at *4 (D. Or. May 25, 2011) (concluding that the defendants' failure to register all assignments of the deed of trust violated the Oregon recording laws so as to prevent non-judicial foreclosure). *But see Jackson*, 770 N.W.2d at 501 (concluding that defendants' failure to register assignments of the beneficial interest in the mortgage loan did not violate Minnesota recording laws so as to prevent non-judicial foreclosure). This case does not present either of these circumstances and, thus, we do not consider them.

*Id* *20

Here, MERS did not initiate foreclosure in its own name. Miles, Bauer, Bergstrom & Winters, LLP did pursuant to a substitution of trustee recorded the same date as the notice of default which initiated the foreclosure. Despite Plaintiffs' assertions, the recorded notices in this action did not violate any state recording or foreclosure statute. *See Cervantes*, 2011 WL 3911031 at *7; Nev. Rev. Stat. § 107.080. Thus, there is no defect in foreclosure and the Ninth Circuit has hopefully laid to rest the theory that the presence of MERS causes a note to separate from the deed of trust rendering the loan permanently unsecured.

It is further alleged that Plaintiffs' loan obligations "were discharged when the investors in the mortgage backed securities claims were paid as a result of over-collateralization of the obligations, credit default swaps, federal bailout funds, and/or other monies paid to the investors who owned the notes and obligations and/or to the named Defendants or bank holding companies who disbursed the monies in such fashion as to extinguish the obligations of Plaintiffs to repay the monies they borrowed. This contention is absurd.[1]

In addition, to state a claim for the tort of wrongful foreclosure, the plaintiff must establish that he or she was "not 'in default when the power of sale was exercised,'" or has made an "actual, full, and unambiguous tender of the debt owed on the mortgage." Order 10:26-11:7, ECF No. 1170 (quoting *Ernestburg v. Mortg. Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *6 (D. Nev. Jan. 22, 2009) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983))); Order 7:4-14, ECF No. 1247 (same); *Guerrero v. Greenpoint Mortg. Funding, Inc.*, 403 F. App'x. 154, 157 (9th Cir. 2010) (citing *Karlsen v. Am. Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 856–57 (Cal. 1971)). Because Plaintiffs do not, and cannot, allege that their loan was not in default, or that they have made a credible tender of the debt owed on their mortgage, their claims for wrongful foreclosure are "barred as a matter of law." Order 11:19-20, ECF No. 1170; Order 7:15-17, ECF No. 1247(same).

Plaintiff also contends that the notice of default is defective because it does not contain a reinstatement figure. NRS 107.080 only requires the notice of default to describe

---

[1] *See Moon v. Moynihan*, No. 3:11–cv–209–RCJ, 2011 WL 1257385, at *2 (D. Nev. Apr. 1, 2011) (denying motion for preliminary injunction based on plaintiff's theory that defendants' receipt of bailout funds discharged plaintiff's obligation to repay); *Saterbak v. MTC Fin., Inc*, No. 3:10–cv–501–RCJ, 2011 WL 484300 at *2; 5 (D. Nev. Feb. 4, 2011) (dismissing claim with prejudice); *Fourness v. MERS*, No. 3:10-CV-40-ECR, 2010 WL 5071049, at *2 (D. Nev. Dec. 6, 2010) ("Plaintiffs' theory, that the federal bailout funds somehow extinguished their mortgage obligation, is simply untenable"); *Green v. Countrywide Home Loans, Inc*, No. 3:09-cv-00374-ECR, slip op. at 5 (D. Nev. Jan. 12, 2010) (allegation that unspecified defendants received federal bailout funds, or purchased credit default swaps, even if true, does nothing to support a claim for wrongful foreclosure).

the deficiency in performance. Reference to the notice of default (Exhibit 3 herein) shows that the deficiency is described as the failure to make all payments from and after January 1, 2011 along with all late charges, taxes and insurance. This language substantially complies with the statute and there is no defect.

**E. Plaintiffs cannot quiet title to the Subject Property**

Plaintiffs requests the remedy of quiet title in the sixth cause of action. In Nevada, an action to quiet title to real property is permitted pursuant to Nev. Rev. Stat. § 40.010, which states, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to him, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself. *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "A quiet title claim requires plaintiff to allege that the defendant is unlawfully asserting an adverse claim to title to real property." *Kemberling v. Ocwen Loan Servicing, LLC,* 2009 WL 5039495, at *2 (D. Nev. 2009). "The very object of the proceeding assumes that there are other claimants adverse to the Plaintiff, setting up titles and interests in the land or other subject-matter hostile to his [own]." *See Clay v. Scheeline Banking & Trust Co.,* 40 Nev. 9, 16, 159 P. 1081, 1082 (1916).

Because an action to quiet title is equitable in nature, *see MacDonald v. Krause,* 77 Nev. 312, 317-18, 362 P. 2d 724 (1961), Plaintiffs must show their right to such equitable relief. *See Transaero Land & Dev. Co. v. Land Title Co. of Nev., Inc.,* 108 Nev. 997, 1001, 842 P.2d 716 (1992) ("[I]n seeking equity, a party is required to do equity.").

Here, Plaintiffs' dislike for the deed of trust they executed does not create an adverse claim that entitles them to an order quieting title. Plaintiffs are not entitled to a free

home. Plaintiffs cannot quiet title, because they have not discharged their debts. "A trustor cannot quiet title without discharging his debt. The cloud upon his title persists until the debt is paid." *Aguilar v. Bocci,* 39 Cal.App.3d 475, 478, 114 Cal.Rptr. 91 (1974) (citations omitted). *See also Trusty v. Ray,* 249 P.2d 814 (Idaho 1951); *Mix v. Sodd,* 126 Cal App. 3d 386, 390 (1981).. It is long established that a quiet title claim requires the Plaintiff to allege that the Defendant is unlawfully asserting an adverse claim to title to real property. *Union Mill & Mining Co. v. Warren* 82 F. 519, 520 (D. Nev. 1897); *Clay v. Scheeline Banking & Trust Co.,* 40 Nev. 9 (1916). There is nothing in Plaintiffs' Complaint that refutes the basic premise on which a notice of default was recorded , to wit, that the subject loan was in default for failure to tender payments as required by the note and deed of trust.

**F. Plaintiffs' fraud claim fails due to lack of specificity**

The seventh claim for relief alleges fraud. Pursuant to Fed. R. Civ. P. 9, claims of fraud, oppression or malice must be pleaded with specificity. The elements of fraud must be alleged "with a high degree of meticulousness" and specificity: (1) a material representation or deceit that is false; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Steams' Properties v. Trans-World HoIdings Corp*., 492 F.Supp. 238, 241-42 (D.Nev. 1980); *Desaigoudar v. Meyercord*, 223 F.3d 1020,1022-23 (9th Cir. 2000); F.R.C.P. 9(b) and (f). The circumstances must be detailed including the time, place and identity of the parties involved. *Brown vs. Keller*, 97 Nev. 582, 536 P.2d 874 (1981). General, vague, or conclusory allegations are insufficient and to be disregarded. *Moore v. Kavport Package Express. Inc*., 885 F.2d 53 1, 540 (9th Cir. 1989) *Lonestar Ladies Invest. Club v. Schlotzkv's Inc*., 238 F.3d 363,368 (9th Cir. 1996). Fraud also requires specific allegations of the what, how, where, by whom, to whom, and by what means the alleged representations or concealments were made. See *Stansfield v. Starkey*, 220 Cal.App.3d 59,73 264 Cal.Rptr. 337,345 (1990).

Plaintiff's seventh claim for relief contains no factual allegations but mere conclusory statements and as such fails to allege a cause of action against Greater Nevada. These conclusory statements clearly fail the requirement that the circumstances constituting fraud shall be stated with particularity and is precisely the type of allegations that should be stricken. Plaintiffs' allegations of fraud are pled with insufficient particularity. Further, the notion that Greater Nevada participated in the grand fraudulent schemes alleged by Plaintiff is laughable.

Finally, Greater Nevada argues that NRS 11.190 provides for a 3 year statute of limitations. The loan was originated in 2006, more than 3 years prior to filing this action.

**G.  There is no claim for slander of title**

In the eighth cause of action, Plaintiffs purports to state a claim for slander of title. "[A] claim for slander of title requires 'false and malicious communications, disparaging to one's title in land, and causing special damages.'" *Exec. Mgmt., Ltd. v. Ticor Title Co.*, 963 P.2d 465, 478 (Nev. 1998). Plaintiffs support their claim with nothing but bare assertions of illegality. *In re MERS Litig.*, 744 F. Supp. 2d at 1032 (ruling that Plaintiffs did not adequately allege falsity of the communications, because their "only alleged falsity emerges from Plaintiffs argument that the MERS recordation process splits the note from the deed of trust"); Plaintiffs' slander of title claim simply does not identify a false statement.

Aside from failing to allege falsity, the Complaint suffers from other glaring deficiencies. The documents that allegedly "slandered" Plaintiffs' title, were recorded pursuant to trustee's duties as defined by the applicable non-judicial foreclosure statute, and are thus subject to an absolute privilege barring any suit. *See W. Tech., Inc. v. Sverdrup & Parcel, Inc.*, 739 P.2d 1318, 1323 (Ariz. App. 1986) (recognizing that an "absolute privilege [] precludes a slander of title" claim for statements made in "judicial and quasi-judicial proceedings"); *Stewart v. Fahey*, 481 P.2d 519, 521 (Ariz. App. 1971); *cf. Sanchez v. MortgageIt, Inc.*, 2011 U.S. Dist. LEXIS 13142, at *4-5 (N.D. Cal. Feb. 10, 2011) (ruling that recorded notice of default and notice of trustee sale were "privileged communications" that could not form basis of slander of title claim).

Additionally, a slander of title claim will not lie where the plaintiffs "do not dispute that they were in default on their loans" and where the defendants "were acting within their authority under the Deed of Trust in conducting the foreclosure." *Ramos v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009). Here, Plaintiffs do not contest that they defaulted in payment obligations on their loan, and as noted above, Plaintiffs have alleged no facts showing that foreclosure was improper under any applicable statute. *See also Gomez*, 2009 WL 3617650, at *6 (dismissing slander of title claim where "Plaintiff has not claimed any facts indicating that his title to the property is superior to Defendants").

**H.  There is no abuse of process because Defendants did not file a suit**

The ninth cause of action alleges abuse of process. Abuse of process requires the following legal elements: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002). Further, "[p]rocess is action taken pursuant to judicial authority. It is not action taken without reference to the power of the court." *Adams v. Superior Court*, 2 Cal.App.4th 521, 530 (1992).

Plaintiffs do not have a valid claim for abuse of process because the documents about which they complain are non-judicial foreclosure notices. As defendants are not alleged to have taken any action pursuant to court authority, Plaintiffs have not stated a claim for abuse of process. Further, the notice of default is issued under authority of the deed of trust, not a court. Since the action is not under a court's authority, there cannot be an action for abuse of process. *Smith v. Wachovia Mortgage Corp.*, No. C 09-1300, 2009 WL 1948829, at *5 (N.D.Cal. July 6, 2009).

**I. Plaintiffs' derivative claims/remedies fail**

Because Plaintiffs have failed to state a claim for relief under the causes of action as set forth above, Plaintiffs' purported claims or remedies that are merely derivative – those seeking declaratory relief, reformation and quiet title – likewise fail.

There is no independent cause of action for declaratory relief under the Declaratory Judgment Act. *Akins v. Penobscot Nation*, 130 F.3d 482, 490 n.8 (1st Cir. 1997); *Weiner v. Klais & Co.*, 108 F.3d 86, 92 (6th Cir. 1997) (noting that declaratory relief is a form of relief, not a cause of action). Because none of Plaintiffs' claims are valid, declaratory relief as a remedy is not available.

Likewise, Plaintiffs' request for reformation should be denied. If a party's manifestation of assent is induced by the other party's fraudulent misrepresentation as to the contents or effect of a writing evidencing or embodying in whole or in part an agreement, the court at the request of the recipient may reform the writing to express the terms of the agreement as asserted, (a) if the recipient was justified in relying on the misrepresentation, and (b) except to the extent that rights of third parties such as good faith purchasers for value will be unfairly affected. Restatement (Second) of Contracts § 166 (1981). See also, *NOLM, LLC v. County of Clark*, 120 Nev. 736, 740 (2004).

Here, as discussed above, Plaintiffs have not stated a claim for misrepresentation, fraud, or conspiracy against Defendants that would enable a court to reform the deed of trust. The contract clearly set forth the enforceable terms of the agreement. A private sale at a public auction is the remedy contemplated by the parties in the event of default. Thus, Plaintiffs' request for reformation should be denied.

Finally, Plaintiff requests the remedy of quiet title.  This request has already been discussed previously in this Motion to Dismiss.

## CONCLUSION

There is no evidence alleged showing that Plaintiffs' note and deed of trust became separated.  Plaintiffs' Complaint conflates provisions in the deed of trust with the statutory requirements to set aside a trustee's sale.  Finally, there is no basis for requiring any defendant to be registered in Nevada as a debt collector or for requiring a reinstatement figure in the notice of default.  For the reasons set forth in this memorandum, Greater Nevada respectfully request that the Court grant the Motion to Dismiss with prejudice and expunge the lis pendens filed by Plaintiffs on the Subject Property.

DATED: October 13, 2011

                                          McCarthy & Holthus, LLP

                              By:    */s/Christopher M. Hunter*
                                         Christopher M. Hunter, Esq.
                                         Attorneys for Defendant

## CERTIFICATE OF MAILING

I hereby certify that on the 13th day of October, 2011, a true and correct copy of the foregoing Motion to Dismiss was served via CM/ECF which will sent a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

                                          */s/ Ellen McAbee*
                                          An employee of McCarthy & Holthus, LLP