Rick Lawton, Esquire
State Bar Number 00694
1460 Hwy 95A, North #1
Fernley, NV 89408
775 867 5599
775 867 2559 [fax]
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA [RENO]

| | |
|---|---|
| DEBORAH MARLEY and MICHAEL B. MARILUCH, <br><br> *Plaintiffs.* <br><br> vs. <br><br> GREATER NEVADA MORTGAGE SERVICES; FIRST CENTENNIAL TITLE COMPANY; MILES, BAUER, BERGSTROM & WINTERS, LLP; JEREMY T. BERGSTROM, ESQ.; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, <br><br> *Defendants.* | **CASE # 3:11-cv-00716-ECR-VPC** <br><br><br> **OPPOSITION TO MOTION TO DISMISS** |

COMES NOW the Plaintiffs , DEBORAH MARLEY and MICHAEL B.

MARILUCH above named, by and through thier attorney, RICK LAWTON, Esquire

of the Law Office of Rick Lawton Esquire, Prof. Corp., a Nevada Professional

Corporation, and submits OPPOSITION GREATER NEVADA MORTGAGE

SERVICES'S MOTION TO DISMISS [Doc 5] (hereinafter Movants or Defendants)

This Opposition is supported by all pleadings and papers of record, the

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

1

Rick Lawton's Law Office

1   points and authorities to follow, and any argument that may be presented on a

2   hearing hereon.

### POINTS AND AUTHORITIES
### I.
### INTRODUCTION

**DEVELOPING CASES
PRESENTS QUESTIONS
OF FACT TO CHALLENGE
DISMISSALS AT THIS STAGE**

On October 7, 2011, this Court, in Ysalva vs World Saving [3:11-cv-00363-RCJ-RCJ] entered an Order granting in part and denying in part similar motions to dismiss, as was filed in this case. In concluding that the claims for "statutorily defective foreclosure, quiet title, and abuse of process" should not be dismissed the Court noted that recent amendment to section 107.080,**[See attached Exhibit 3 2011 Nevada Laws Ch. 81 (A.B. 284)]** which goes into effect four days from the date of his order:

> "...indicates that the public policy of the State of Nevada is to require proof of all assignments of interest and substitutions of trustees with respect to residential nonjudicial foreclosures, **and it is very unlikely the Nevada Supreme Court would adopt Defendants' arguments with respect to the law of agency and take a purported trustee's bare assertion of agency as sufficient in the present context."**
> (emphasis added)

CITIMORTGAGE, INC., has been joined as a defendant in that they participated in the transaction as the original lender. First American Centennial Title Company the original trustee, and  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] is named the beneficiary under this Security Instrument.

///

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Plaintiff has indicated, in part, in their complaint the following:

1.  A Deed of Trust dated July 11, 2006, for the subject property described, was recorded by FIRST CENTENNIAL TITLE COMPANY on July 27, 2006 as Document No. 3418604. Defendant GREATER NEVADA MORTGAGE SERVICES, is the named Lender on said Deed of Trust. Defendant FIRST CENTENNIAL TITLE COMPANY, is the named Trustee on said Deed of Trust. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] is named the beneficiary under this Security Instrument.

2.  MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] executed a Document entitled "ASSIGNMENT OF DEED OF TRUST" for the subject property described. The Document was signed by INGRID MADDOX on April 12, 2011, as Agent for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS]. The Document was recorded by MILES, BAUER, BERGSTROM & WINTERS, LLP on April 18, 2011 as Document No. 3994143. The Document declares that MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. [MERS] as Successor Beneficiary under a Deed of Trust Deed of Trust dated July 11, 2006 and recorded on July 27, 2006 as Document No. 3418604, does hereby assign and transfer to Defendant GREATER NEVADA MORTGAGE SERVICES all right, title, and interest in said Note and all rights accrued under said Deed of Trust and all indebtedness secured thereby.

3.  Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP executed a Document entitled "NOTICE OF BREACH AND DEFAULT AND OF ELECTION TO CAUSE SALE OF REAL PROPERTY UNDER DEED OF TRUST" for the subject property described. The Document was signed by JEREMY T. BERGSTROM, ESQ. on April 15, 2011, as Agent for Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP. The Document was recorded by PASION TITLE SERVICES on April 21, 2011 as Document No. 3995588. The Document declares that Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP is the duly appointed Trustee under a Deed of Trust dated July 11, 2006, and recorded on July 27, 2006 as Document No. 3418604, without referencing a single document establishing any such association. The Document informed the Plaintiffs to contact Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP. It is believed that Defendant GREATER NEVADA MORTGAGE SERVICES may have only acquired the Servicing rights and has no interest in the underlining note. Until the Plaintiffs see the original note with proper endorsements the Plaintiffs are unable to determine who the true holder of the note is.

///
///
///

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

3

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

4.   Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP executed a Document entitled "NOTICE OF TRUSTEE'S SALE," for the subject property described.   The Document was signed by Defendant JEREMY T. BERGSTROM, ESQ. on August 19, 2011, as Agent for Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP. The Document was recorded by PASION TITLE SERVICES on August 23, 2011 as Document No. 4033709, setting a **SALE DATE** for September 21, 2011.

5.   Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP executed a Document entitled "NOTICE OF RESCISION OF NOTICE OF SALE," for the subject property described. The Document was signed by Defendant JEREMY T. BERGSTROM, ESQ. on August 29, 2011, as Agent for Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP. The Document was recorded by PASION TITLE SERVICES on September 21, 2011 as Document No. 4036840. The document declares that the present Beneficiary and/or Trustee, does hereby rescind, cancel, and withdraw the Notice of Sale recorded on August 23, 2011 as Document No. 4033709.

6.   Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP executed a *second* Document entitled "NOTICE OF TRUSTEE'S SALE," for the subject property described. The Document was signed by Defendant JEREMY T. BERGSTROM, ESQ. on August 30, 2011, as Agent for Defendant MILES, BAUER, BERGSTROM & WINTERS, LLP. The Document was recorded by PASION TITLE SERVICES on September 2, 2011 as Document No. 4037343, setting a **SALE DATE** for September 29, 2011.

7.   Defendants MILES, BAUER, BERGSTROM & WINTERS, LLP; GREATER NEVADA MORTGAGE SERVICES; and JEREMY T. BERGSTROM, ESQ. participated as agents for an alleged holder or beneficiary of the Note without providing any recordation as to the agency relationship or as substituted trustees.


It is important to note that Plaintiff has raised substantial issues regarding standing to foreclose (or enforce the note) and proper appearance of parties (claiming to be agents of holder) without presenting any proof of the relationship and authority to act.

In addition, the challenged foreclosure is based upon a Deed of Trust and Note in the mortgage, wherein the Note was to be transferred with the Deed of

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Trust, and is no longer held by the same entity or party, the foreclosure is based upon a Deed of Trust that was flawed at the date of origination of the loan.

Judge Jones' order **[See: Exhibit 4]** is persuasive regarding his analysis and application of the principles argued by Plaintiff in his recent order. In concluding a statutory defective foreclosure, the Court noted:

"...NDSC foreclosed without having been substituted as trustee. At oral argument, Defendants argued that the Court should accept NDSC's own statement on the NOD that it was acting as the agent of the beneficiary, because if this argument is rejected then even the signature of the beneficiary's own officers would not be sufficient, because such officers are as a matter of law agents of the beneficiary, which in almost all cases is a corporate entity that may only act through its agents. After some further research, it appears that both Defendants and the Court are correct, and the Court has not changed its view of the present case as a result.

The issue is whether NDSC was in fact the agent of the beneficiary when NDSC filed the NOD. **Plaintiff has alleged NDSC was not the beneficiary's agent, and that allegation is sufficient to state a claim for statutorily defective foreclosure, unless the public records of which the Court may take judicial notice indicate that the allegation is not true.** In some cases, the public records do disprove such allegations. But that is not the case here. (emphasis added)

As Defendants noted, apparent authority cannot be created by a purported agent alone, including a corporate officer, unless the actions of the board of directors would lead a reasonable person to believe that the officer had been invested with such authority by the board. *See* Restatement (Third) of Agency § 3.03 cmt. e. **But the possibility that a corporate officer might in an appropriate case have to respond to a plaintiff's allegation that he is not in fact a corporate officer does not mean that NDSC does not need to respond to the similar allegation in this case. If anything, the Restatement indicates that even a corporate officer's own claim of agency is not alone sufficient to create apparent authority without some manifestation by the principal** (the board of directors, in the case of corporate officers) if a plaintiff can dispute the officer's authority in good faith. *See id.* § 3.03 & cmt. e. So Defendants' argument that under the Court's reasoning the president of a bank's signature would not be sufficient on a notice of default is in fact partially correct. **If a plaintiff made a good-faith allegation**

5

**that the notice-of-default signatory was not in fact a duly appointed officer of the bank, then dismissal would be inappropriate despite the purported officer's signature on a public document.** *See id.[1] (emphasis added)*

… The Court therefore grants the motion to dismiss

against most of the affirmative claims under the respective statutes of limitations, and for other reasons given in substantially identical cases, but denies the motion as to the claims for statutorily defective foreclosure, quiet title, and abuse of process…."

The sole problem that has developed in this case is the substitution of Trustee is executed by INGRID MADDOX, ASSISTANT SECRETARY, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and VICE PRESIDENT OF OPERATIONS, GREATER NEVADA, ON BEHALF OF <u>GREATER NEVADA MORTGAGE SERVICES.</u>

Without supporting documents establishing the authority, as noted by Judge Jones, those initiating and advancing may not be the proper partis.

A real party in interest is the party with the right to sue or enforce a claim under the applicable substantive law. U-Haul Int'l, Inc. v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986); Allstate ins. Co. v. Hughes, 358 F.3d 1089, 1094 (9th Cir. 2004); American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1141 (9th Cir. 1981)

---

[1] Of course, whether the purported agent is an outside agent or a corporate officer, a plaintiff disputing the agent's authority must make such a claim in good faith, under pain of Rule 11 sanctions.

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1  A "real party in interest" is a far narrower party, and is usually limited to a

2 single party. The real party in interest is "the person who, according to the

3 governing substantive law, is entitled to enforce the right." The term "real party in

4 interest" is easy to confuse with the term "party in interest."

5

6  It is also important to distinguish the "real party in interest" requirement from

7 standing. Standing is constitutional requirement, grounded in Article 111.[2] The "real

8 party in interest" requirement, on the other hand, is generally regarded as one of

9 many "prudential" considerations that have been "judicially engrafted onto the

10 Article III requirements for standing." In re Village Rathskeller, 147 B.R. 665, at 668

11

12 (Bankr. S.D.N.Y. 1992).[3] To seek relief in federal court, a party "must meet both

13 constitutional and prudential . . . requirements." Morrow v. Microsoft Corp. 499 F.3d

14 1332, 1339 (9th Cir. 2007); see also In re Village Rathskeller, Inc., 147 B.R. at 668

15 (citing Warth v. Seldin, 422 U.S. 490, 498 (1975) for the proposition that "[t]he

16 concept of standing subsumes a blend of constitutional requirements and prudential

17 considerations"). To satisfy one does not necessarily mean that the other is

18 satisfied: a party may have standing — having suffered an "injury in fact" — but this

19

20

21

22 [3] It is also important to distinguish the "real party in interest" requirement from standing. Standing is constitutional requirement, grounded in Article 111.[2] The "real party in interest" requirement, on the other hand, is generally regarded as one of many "prudential" considerations that have been "judicially engrafted onto the Article III requirements for standing." In re Village Rathskeller, 147 B.R. 665, at 668 (Bankr. S.D.N.Y. 1992).[3] To seek relief in federal court, a party "must meet both constitutional and prudential . . . requirements." Morrow v. Microsoft Corp. 499 F.3d 1332, 1339 (9th Cir. 2007); see also In re Village Rathskeller, Inc., 147 B.R. at 668 (citing Warth v. Seldin, 422 U.S. 490, 498 (1975) for the proposition that "[t]he concept of standing subsumes a blend of constitutional requirements and prudential considerations"). To satisfy one does not necessarily mean that the other is satisfied: a party may have standing — having suffered an "injury in fact" — but this may not make it the real party in interest. See, e.g., Whelan v. Abell, 953 F.2d 663, 672 (D.C. Dir. 1992). Conversely, a party may be the real party in

23

24

25

26

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

7

1   may not make it the real party in interest. See, e.g., Whelan v. Abell, 953 F.2d 663,

2   672 (D.C. Dir. 1992). Conversely, a party may be the real party in interest, but lack

3   standing. See, e.g., Davis v. Yageo Corp., 481 F.3d 661 (9th Cir. 2007

4

5   MERS appears and purports to substitute new trustee. On the one

6   hand, MERS purports to be acting as a nominee [deed of trust] —a form of

7   an agent. On the other hand, it also is claiming to be an actual beneficiary

8   of the Deed of Trust, which is to say an owner of the real property right to

9   foreclose upon the security interest. It **is axiomatic that a company**

10  **cannot be both an agent and a principal with respect to the same**

11  **right.** [*Faces: Demystifying The Mortgage Electronic Registration*

12  *System's Land Title Theory,* (9/29/10) MERS II Working Draft -

13  Forthcoming Real Property, Trusts and Estate Law Journal (fn. 19 citing

14  Restatement (Third) of Agency Law §§1.01, 1.02).]

15

16  There is no known statute that Movant has presented or relied upon,

17  or that Debtor can locate that allows MERS, or any financial institution, to

18  use the name of a shell company, nominee, or some other form of agency

19  instead of the actual owner of the interest in land.

20

21  In arguendo, if MERS is an actual mortgagee, it may have authority

22  to record mortgages in its own name, then both MERS, and financial

23  institutions investing in MERS recorded mortgages run afoul of century-old

24  American jurisprudence that holds that the note and mortgage are

25  inseparable. *Carpenter v. Longan,* 83 U.S. 271, 274 (1872); *Kelley v.*

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

Rick Lawton's Law Office

1   *Upshaw,* 39 Ca1.2d 179, 192, 246 P.2d 23 (1952); *In re Leisure Time*

2   *Sports, Inc.* 194 B.R. 859, 861 (9th Cir. 1996).

3

4       In short, MERS holds absolutely no beneficial interests in mortgage

5   and the whole asset-backed securities ponzi scheme represented by the

6   Trust is exactly that investing into mortgage-backed security that runs

7   afoul of *Carpenter v. Langan* because it separate the note [owners] from

8   the deed of trust [power of sale rights].

9   **THE DOCUMENTS BEFORE THE COURT**
10  **FAILS TO REBUT PLAINTIFF'S CHALLENGE**
    **REGARDING DISCLOSURE OF PERSONS**
11  **ENTITLE TO ENFORCE NOTE AND ESTABLISH**
    **ANY AGENCY**
12

13      In **Cervantes v. Countrywide Home Loans, on September 7, 2011 the**

14  **Ninth Circuit Court of Appeals, [ No 09-17364 (EXHIBIT 2)]** though affirming the

15  dismissal, the Court presented guidance regarding severance of note form deed of

16
17  trust and standing to enforce note, indicating, in part, as follows:

18          "...In the event of a default on the loan, <u>the lender may initiate
19          foreclosure in its own name, or may appoint a trustee to initiate
            foreclosure on the lender's behalf.</u> **However, to have the legal power**
20          **to foreclose, the trustee must have authority to act as the holder,**
            **or agent of the holder, of both the deed and the note together.**
21          ***See Landmark Nat'l Bank v. Kesler,* 216 P.3d 158, 167 (Kan. 2009).**
            **The deed and note must be held together because the holder of**
22          **the note is only entitled to repayment, and does not have the**
            **right under the deed to use the property as a means of**
23          **satisfying repayment. *Id.* Conversely, the holder of the deed**
            **alone does not have a right to repayment and, thus, does not**
24          **have an interest in foreclosing on the property to satisfy**
25          **repayment. *Id.(emphasis added)...*"**

26

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Plaintiff has clearly addressed that question of fact to be determined in several causes of action as noted above.

The Court continues noting, in part, as follows:

> "...Here, MERS did not initiate foreclosure: the trustees initiated foreclosure in the name of the lenders. Even if MERS were a sham beneficiary, the lenders would still be entitled to repayment of the loans and would be the proper parties to initiate foreclosure after the plaintiffs defaulted on their loans. <u>The plaintiffs' allegations do not call into question whether the trustees were agents of the lenders</u>. Rather, the foreclosures against Almendarez and Maximo were initiated by the trustee Tiffany & Bosco on behalf of First Franklin, who is the original lender and holder of Almendarez's and Maximo's promissory notes. Although it is unclear from the pleadings who the current lender is on plaintiff Cervantes's loan, the allegations do not raise any inference that the trustee Recontrust Company lacks the authority to act on behalf of the lender.(emphasis added)

<u>Unlike, the complaint being reviewed in Cervantes</u> where they did not alleging and raising the question whether the trustees were agents of the lenders, plaintiff herein specifically asked: who is the present holder and how those initiating and advancing non-judicial foreclosures are associated with said holder. (i.e. is there any agency relationship) Plaintiff has addressed that issue in each of the debt collections claims, the quiet title claim, the request of declaratory relief, and injunctive relief, to mention only a few.

The Court in Cervantes continues noting:

> "...**Further, the notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders.** See Landmark Nat'l Bank, 216 P.3d at 167. **More-over, the plaintiffs have not alleged violations of Arizona recording and foreclosure statutes related to the purported splitting of the notes and deeds..." (emphasis added)**

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

Again, the complaint filed by the Plaintiff here differs considerably from the Cervantes case in the Plaintiff specifically raised the exact concern of the 9th Circuit when Plaintiff asserts that the notes has been split, those claiming to be substitute trustees, or agents of the beneficiary (holder) have not presented any documents sufficient to show they are agents of the lender. As noted above the slit renders the mortgage unenforceable in the those initiating and advancing the non-judicial foreclosure are not agents of the beneficiary (lender or holder)!

Plaintiff's counsel invites this Court to examine the claims, in light of the alleged misconduct (i.e. defective notices, as well as mere self-serving claims of agency) of the defendants similar to the Movants, and the Court will see that the enacted legislation was to prevent those actions for which plaintiff's counsel has asserted in at least 85 cases with similar borrowers looking at loss of their homes by persons without authority or standing to use the non-judicial foreclosure procedure in Nevada.

In part AB 284 now requires, in part, the following:

"...Section 1. NRS 106.210 is hereby amended to read as follows:
<< NV ST 106.210 >>
1. Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust maymust be recorded, in the office of the recorder of the county in which the property is located, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons. A mortgage of real property, or a mortgage of personal property or crops recorded prior to March 27, 1935, which has been assigned may not be enforced unless and until the assignment is recorded pursuant to this subsection. If the beneficial interest under a deed of trust has been assigned, the trustee under the deed of trust

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

may not exercise the power of sale pursuant to NRS 107.080 unless and until the assignment is recorded pursuant to this subsection.
......

Sec. 6. Chapter 107 of NRS is hereby amended by adding thereto a new section to read as follows:
        1. The trustee under a deed of trust must be:
(a) An attorney licensed to practice law in this State;
(b) A title insurer or title agent authorized to do business in this State pursuant to chapter 692A of NRS; or
(c) A person licensed pursuant to chapter 669 of NRS or a person exempt from the provisions of chapter 669 of NRS pursuant to paragraph (a) or (h) of subsection 1 of NRS 669.080.
        2. A trustee under a deed of trust must not be the beneficiary of the deed of trust for the purposes of exercising the power of sale pursuant to NRS 107.080.
        3. A trustee under a deed of trust must not:
(a) Lend its name or its corporate capacity to any person who is not qualified to be the trustee under a deed of trust pursuant to subsection 1.
(b) Act individually or in concert with any other person to circumvent the requirements of subsection 1.
        4. A beneficiary of record may replace its trustee with another trustee. The appointment of a new trustee is not effective until the substitution of trustee is recorded in the office of the recorder of the county in which the real property is located.
        5. The trustee does not have a fiduciary obligation to the grantor or any other person having an interest in the property which is subject to the deed of trust. The trustee shall act impartially and in good faith with respect to the deed of trust and shall act in accordance with the laws of this State. A rebuttable presumption that a trustee has acted impartially and in good faith exists if the trustee acts in compliance with the provisions of NRS 107.080. In performing acts required by NRS 107.080, the trustee incurs no liability for any good faith error resulting from reliance on information provided by the beneficiary regarding the nature and the amount of the default under the obligation secured by the deed of trust if the trustee corrects the good faith error not later than 20 days after discovering the error.
        6. If, in an action brought by a grantor, a person who holds title of record or a beneficiary in the district court in and for the county in which the real property is located, the court finds that the trustee did not comply with this section, any other provision of this chapter or any applicable provision of chapter 106 or 205 of NRS, the court must award to the grantor, the person who holds title of record or the beneficiary:

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

(a) Damages of $5,000 or treble the amount of actual damages, whichever is greater;
(b) An injunction enjoining the exercise of the power of sale until the beneficiary, the successor in interest of the beneficiary or the trustee complies with the requirements of subsections 2, 3 and 4; and
(c) Reasonable attorney's fees and costs,
unless the court finds good cause for a different award.

.....

<< NV ST 107.080 >>
1. Except as otherwise provided in NRS 106.210, 107.085 and 107.086, if any transfer in trust of any estate in real property is made after March 29, 1927, to secure the performance of an obligation or the payment of any debt, a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security....

…(c) The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy the obligation; and which, except as otherwise provided in this paragraph, **includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury**: (emphasis added)
(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
(2) The full name and last known business address of every prior known beneficiary of the deed of trust;
(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;
(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;
(5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and

1

2
fees charged to the debtor in connection with the exercise of the
power of sale; and

3
(6) The date, recordation number or other unique designation of
the instrument that conveyed the interest of each beneficiary and a

4
description of the instrument that conveyed the interest of each
beneficiary.

5
The affidavit described in this paragraph is not required for the
exercise of the trustee's power of sale with respect to any trust

6
agreement which concerns a time share within a time share plan
created pursuant to chapter 119A of NRS if the power of sale is being

7
exercised for the initial beneficiary under the deed of trust or an
affiliate of the initial beneficiary.

8

9

10
**FAILURE TO IDENTIFY PARTY**
**TO ENFORCE NOTE:**

11
Greater Nevada Mortgage Services LLC  appears clearly to be the original

12
lender and  MERS the named beneficiary. Plaintiff has asserted that there is clearly

13
nothing present by Movants to establish who is the present "true holder" who can

14
enforce the note and have agents or representatives initiate and advance a non-

15

16
judicial foreclosure.

17
The Nevada **Supreme Court  in  Leyva vs National Default Servicing.**

18
2011 WL 2670183 (July 7, 2011, Exhibit 1) addressed that exact concern, noting:

19
"..., we must discuss what constitutes a valid assignment of deeds of trust

20
and mortgage note. Transfers of deeds of trust and mortgage notes are

21
distinctly separate, thus we discuss each one in turn.

22
*Mortgage note*

23
The proper method of transferring the right to payment under a
mortgage note is governed by Article 3 of the Uniform Commercial Code—

24
Negotiable Instruments, because a mortgage note is a negotiable

25
instrument.[6] *Birkland v. Silver State Financial Services, Inc.,* No. 2:10–CV–
00035–KJD–LRL, 2010 WL 3419372, at *4 (D.Nev. Aug. 25, 2010). The

26
obligor on the note has the right to know the identity of the entity that is
"entitled to enforce" the mortgage note under Article 3, *see* NRS 104.3301,

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Rick Lawton's Law Office

"[o]therwise, the [homeowner] may pay funds to a stranger in the case." *In re Veal*, No. 09–14808, 2011 WL 2304200, at *16 (B.A.P. 9th Cir. June 10, 2011) (holding, in a bankruptcy case, that AHMSI did not prove that it was the party entitled to enforce, and receive payments from, a mortgage note because it "presented no evidence as to who possessed the original Note. It also presented no evidence showing [e]ndorsement of the note either in its favor or in favor of Wells Fargo, for whom AHMSI allegedly was servicing the [bankrupt party's] Loan."). If the homeowner pays funds to a "stranger in the case," then his or her obligation on the note would not be reduced by the payments made. *See id.* at *7 ("if a[n obligor on a mortgage note] makes a payment to a 'person entitled to enforce,' the obligation is satisfied on a dollar for dollar basis, and the [obligor] never has to pay that amount again").

*5 Wells Fargo argues that, under Nevada law, possession of the original note allowed it to enforce the note. We disagree and take this opportunity to clarify the applicability of Article 3 to mortgage notes, as we anticipate increasing participation in the Foreclosure Mediation Program, as well as a corresponding increase in the number of foreclosure appeals in this state. As discussed below, we conclude that Article 3 clearly requires Wells Fargo to demonstrate more than mere possession of the original note to be able to enforce a negotiable instrument under the facts of this case.

Pursuant to NRS 104.3102(1), Article 3 applies to negotiable instruments. Negotiable instruments are defined as an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(a) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(b) Is payable on demand or at a definite time; and

(c) Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money.

NRS 104.3104(1). Thus, a mortgage note is a negotiable instrument, and any negotiation of a mortgage note must be done in accordance with Article 3.

A note can be made payable to bearer or payable to order. NRS

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Rick Lawton's Law Office

104.3109. If the note is payable to bearer, that "indicates that the person in possession of the promise or order is entitled to payment." NRS 104.3109(1)(a). However, "[a] promise or order that is not payable to bearer is payable to order if it is payable to the order of an identified person.... A promise or order that is payable to order is payable to the identified person." NRS 104.3109(2).

For a note in order form to be enforceable by a party other than to whom the note is originally payable, the note must be either negotiated or transferred.[7] A " '[n]egotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder." NRS 104.3201(1). "[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument *and* its endorsement by the holder."[8] NRS 104.3201(2) (emphasis added). An "endorsement" is a signature that is "made on an instrument for the purpose of negotiating the instrument." NRS 104.3204(1). Thus, if the note is payable to the order of an identifiable party, but is then sold or otherwise assigned to a new party, it must be endorsed by the party to whom it was originally payable for the note to be considered properly negotiated to the new party. Once a proper negotiation occurs, the new party, or "note holder," with possession is entitled to enforce the note. NRS 104.1201(2)(u)(1) ("Holder means ... [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.").

*6 If a party cannot attain "holder" status by showing a valid negotiation, the party may establish its right to enforce the note by showing that the note has been validly transferred. NRS 104.3203(2). The only distinction between a negotiation and a transfer is that, in the case of a transfer, the note need not be endorsed by the party who is relinquishing enforcement rights. Because a transferred note is not endorsed, however, the party seeking to establish its right to enforce the note "must account for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it." U.C.C. § 3–203 cmt. 2 (explaining the effect of § 3–203(b), codified in Nevada as NRS 104.3203(2)). In other words, because the party seeking to enforce the note cannot "prove" its right to

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

enforce through the use of a valid endorsement, the party must "prove" by some other means that it was given possession of the note for the purpose of enforcing it..." See attached Exhibit 1] (emphasis added)

Plaintiff's claims regarding lack of standing are reasonable and supported by Leyva, supra., Plaintiff's claims regarding validity of the foreclosure are supported by allegations presented in good faith by Plaintiff. To ask who is the true holder of the note and who therefore has a right to enforce it is also present in the complaint.

**AS TO GREATER NEVADA MORTGAGE SERVICES., EACH OF PLAINTIFF'S CAUSES OF ACTION RAISE QUESTIONS OF FACT, PRECLUDING DISMISSAL AT THIS EARLY STAGE.**

### (A) Injunctive and Declaratory Relief

A court cannot provide a remedy unless it has found a wrong. [T]he existence of a right violated is a prerequisite to the granting of an injunction. Accordingly, an injunction will not issue 'to restrain an act which does not give rise to a cause of action. . .Permanent injunctive relief is available where there is no adequate remedy at law. . ., where the balance of equities favors the moving party, and where success on the merits has been demonstrated" *State Farm Mut. Auto. Ins. v. Jafbros, Inc.,* 109 Nev. 926, 928 (1993).

The Plaintiffs here seeks a permanent injunction against ". . .advancing said foreclosure. . ." against the Plaintiff's interest in the property. Furthermore, the Plaintiff states they is ". . .entitled to declaratory judgment that the aforesaid

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

foreclosure sale was improperly notice [sic] and is null and void ab initio." The pleadings raise question of fact and request adequate relief under said theory.

If MERS had no authority to substitute trustee, then there is a statutory defective foreclosure, in that those initiating and advancing are not authorized under NRS 107.080

### (B) Violations of NRS 107.080 et seq.

Plaintiff alleges Defendants violated NRS 107.080 et seq., because Defendants did not have authority to foreclose on Plaintiff's property when they initiated the foreclosure proceedings and sent Plaintiff the Notice of Default. Where is the "written Declaration of Default and Demand for Sale" claimed to be executed by the present beneficiary in the Notice of Defaults noted above?

NRS 107.080 et seq. is Nevada's non judicial foreclosure sale statute. It states, "a power of sale is hereby conferred upon the trustee to be exercised after a breach of the obligation for which the transfer is security." NRS 107.080(1). The statute provides specific notice and procedural requirements that a trustee or an assignee of the trustee must follow in executing the power of sale. NRS 107.080(1).

Plaintiffs have clearly noted that those acting as agents must show more than "just state" _as agent_ to initiate and advance non-judicial foreclosures under the Statute.

Plaintiffs asks: Has the present "holder" established a relationship with those initiating or advancing "non-judicial" foreclosures." [Principle/Agent; Substitute Trustee; Attorney in Fact] ? Is the original note properly endorsed and physically

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

18

delivered to the "new holder" [in accordance NRS 104.3204 eq. seq.] Was there also an "assignment of the Deed of Trust" that secured the note executed by the Holder and recorded (NRS 147.100) If not -- then the Note is "split" from the Note. Note is unsecure and Deed of Trust INVALID. There can be no non-judicial foreclosure based upon an invalid Deed of Trust. [4]

### (C) Quiet Title Action

Plaintiff alleges the recorded Notice of Default and Intent to Sell has clouded Plaintiff's title to his property.

NRS 40.010 states, that a action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." An action to quiet title is an equitable proceeding for the adjudication of disputed ownership of real property rights. See, Howell v. Ricci, 197 P.3 1044, 1046 n.1 (Nev. 2008). NRS 107.080, the non judicial foreclosure statute under which Defendants initiated foreclosure on Plaintiff's property, provides strict requirements governing notice and the foreclosure process. If a foreclosing party violates NRS 107.080 et seq., a court in the county in which a foreclosure sale took place may set aside the sale. NRS 107.080(5).

---

[4] As Noted below: "This theory is distinguished from Carpener vs Longan 83 U.S. 271 (1872) and is wholly inconsistent with Longan. Either a note and deed can be split, or they cannot. Nevada has adopted portions of the Restatement (Third) of Property (Mortgages) as at least persuasive authority, however there is not yet controlling case law establishing whether Nevada Common Law follows either the Restatement or Longan on the issue of splitting. [also: noted bellow the Restatement of Property recognizes Longan as contrary authority, but states that Longan and its Ilk are archaic and no longer binding authority.

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Plaintiffs admit that they has not paid the loan, but this is not necessarily the same as a default which authorizes foreclosure. Plaintiff has alleged sufficient facts that claim Defendants violated NRS 107.080 et seq., the remedy for which is to set aside or declare void a foreclosure sale. As noted above, unlike, the complaint being reviewed in Cervantes, supra., where the Plaintiff did not alleging and raising the question whether the trustees were agents of the lenders, plaintiff herein specifically asked: who is the present holder and how those initiating and advancing non-judicial foreclosures are associated with said holder. (i.e. is there any agency relationship)

**D.    The Nevada Unfair and Deceptive Practice Act, is a State Law Issue.**

Plaintiffs have  alleged a violation of the Nevada UDAP statute, which provides, in pertinent part:

> "NRS 598.0923, 'Deceptive Trade Practice Defined'. A person engages in a "deceptive trade practice" when in the course of his business or occupation knowingly:
> 1. Conducts business or occupation without all required state, county or city licenses.
> 2. Fails to disclose a material fact in connection with the sale or lease of goods or services.
> 3. Violates a state or federal statute or regulation relating to the sale or lease of goods or services..." [emphasis added]

This statute defines a Deceptive Trade Practice and NRS 41.600 punishes such conduct. These state laws need to be interpreted by a state court, and not to have a federal court guess as to what the Nevada Supreme Court might say about it. For instance, does the servicing of a mortgage constitute the sale or lease of goods and services? Does an out of state foreclosure trustee need a Nevada debt

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

collector's license to do business in Nevada? Does sending a 'debt validation notice' along with an NOD constitute the collection of a debt? Does making a husband and wife with two minor children homeless without there being told it is happening constitute the failure to disclose a material fact? These questions, and perhaps many more like them, are particularly within the purview of state law.

Unless those initiating and advancing the non-judicial foreclosure can establish (**as noted in Cervantes, supa.**) that they are acting under the authority of an entity holding **both the note and deed of trust**, they cannot foreclose, and in essence would be in violation of NRS 107.080 being improper parties to initiate and advance non-judicial foreclosures. **They are not more than debt collectors.**

If a Deceptive Trade Practice is committed by one of the defendants, then: NRS 41.600 ACTIONS BY VICTIMS OF FRAUD, comes into play, which provides:

> "...1. An action may be brought by any person who is the victim of consumer fraud.
> 2. As used in this section, "consumer fraud" means:...
>    (d) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.
> 3. If the claimant is the prevailing party, the court shall award him:
>    Any damages that he has sustained; and;
>    His costs in the action and reasonable attorney's fees.
> 4. Any action brought pursuant to this section is not an action upon any contract underlying the original transaction."

How this statute plays out is strictly a matter of state law. For instance, subsection 4. may act as aninsulator for liability under the note and deed of trust as to the holder of the note, but would that protection extend to the servicer and/or foreclosure trustee? Does the third party purchaser come within its provisions or is he a bona fide purchaser in the ordinary course? Again, a multiplicity of state law

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

issues that have not been addressed by the Nevada Supreme Court in this evolving arena of jurisprudence.

Movants participation based upon an invalid Deed of Trust establishes that they are doing more than collection activities in Nevada.

### (D) Debt Collection Violations

NRS 649.370 provides that any violation of the Federal Fair Debt Collection Practice Act is a violation of Nevada law as an independently stated cause of action.

As noted in Cervantes, supra., one not acting on behalf of an entity having both the note and deed of trust non-judicial foreclosure is not available. Non-judicial foreclosure has been held not to be "collection practices." However, if the party attempting to collect using the non-judicial statute improperly (not proper party) **they cannot escape being acting as a debt collector as alleged by Plaintiff.**

NRS 598.0923(1) explains a "deceptive trade practice" as follows: "A person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . [c]onducts the business or occupation without all required state, county or city licenses." (Emphasis added.) Plaintiff alleges that Defendants are not duly licensed as collection agencies or foreign collection agencies, thus their attempted non-judicial foreclosure violates this statute.

NRS 649.075 requires a person engaging in the business of collecting claims to be licensed by the State as a collection agency or to register with the State as a foreign collection agency. NRS 649.020 defines "collection agency" to include "all persons engaging, directly or

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

indirectly, and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due.

Creditors, original lienholders, in their pre-default assignees and servicers are clearly exempt from the fair debt collection act under the "creditor" definition and exemptions within the "debt collector" definition.  However, attorneys, substitute trustees, and other persons who obtain the account after default in who attempt to collect money from the consumer while also attempting to foreclose are "debt collectors" subject to the entirety of the fair debt collection act. [ See     Wilson   v. Draper &Goldberg, P.L.L.C., 443 F.3d 373 (4th Cir. 2006) (rejecting foreclosure firm's argument that it was merely enforcing a lien on real property in an in rem proceeding and not collecting a debt where it demanded a specific amount to reinstate the account); Kaltenbach v. Richards, 464 F.3d 524 (5th Cir. 2006) (foreclosure attorney alleged to meet the general definition of a "debt collector" subject to all requirements of FDCPA under Rule 12(b)(6) standard); Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227 (3d Cir. 2005) (Communications from attorneys who demanded payment on delinquent water bill in the context of their filing an in rem proceeding to enforce the resulting property lien were debt collection efforts subject to the FDCPA); compare Romea v. Heiberger &Assocs., 163 F.3d 1 11 (2d Cir. 1998) (Eviction attorneys who gave tenant statutory three-day rent demand notice were debt collectors subject to the FDCPA); Hodges v. Sasil Corp., 915 A.2d 1 (N.J. 2007) (Litigating eviction attorney held to be a debt collector [S]ummary dispossess litigation is an effective - and at times coercive -mechanism

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

for collecting rent and other fees. The litigation's dual objectives of collecting rent and evicting tenants are reflected in the language of [the attorney's] summonses and complaints, which simultaneously inform plaintiffs that the complaint's 'purpose ... is to permanently remove you from the premises' and that rent is 'due, unpaid and owing').]

Also: See Maynard v. Cannon, 2010 WL 4487113 (10th Cir. Nov. 10, 2010) (unpublished) (collecting cases). As well as Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227 (3d Cir. 2005) ("Even though a person whose business does not primarily involve the collection of debts would not be a debt collector for purposes of the Act generally, if his principal business is the enforcement of security interests, he must comply with the provisions of the Act [A§ 1692f(6)] dealing with non-judicial repossession abuses"); Fouche v. Shapiro &Massey, L.L.P., 575 F. Supp. 2d 776 (S.D. Miss. 2008) (same).

## F.   Slander (Slander of Title by MILES, BAUER, BERGSTROM & WINTERS, LLP; GREATER NEVADA MORTGAGE SERVICES; and JEREMY T. BERGSTROM, ESQ.)

Defendants GREATER NEVADA MORTGAGE SERVICES, and its alleged agents MILES, BAUER, BERGSTROM & WINTERS, LLP;  and JEREMY T. BERGSTROM, ESQ. knew that they are not authorized parties to foreclose and take legal title but have recorded documents or failed to record documents that have disparaged the title to the Plaintiffs' property pursuant to recording Notices of Default that were defective for, among other reasons, failure to serve upon the Plaintiffs, and in violation of NRS 107.080 and NRS 107.087.

A claim for slander of title "involves false and malicious communications, disparaging to one's title in land, and causing special damages." Executive Mgmt.,

Rick Lawton's Law Office

Ltd. v. Ticor Title Co., 963 P.2d 465, 478 (Nev. 1998). After receiving the deposition of Title Title employee Stanley Silva, Plaintiff has alleged that information set forth in the "notice of default," regarding agency relations, and information were either false or misleading. The recordation establishes a cloud on the title and slanders the title where declaratory relief, as well as slander of title is warranted as a new claim supporting a motion to amend.

In SUMMA CORPORATION, a Delaware Corporation vs

Herman M. GREENSPUN and Barbara J. Greenspun607 P.2d 569 (1980)

Nevada Supreme Notes:

> "The recording of a false document is a publication, Misco Leasing, Inc. v. Keller, 490 F.2d 545 (10th Cir. 1974), and a deed of trust which should have been cancelled is such a false document. Gudger v. Manton, 21 Cal.2d 537, 134 P.2d 217 (1943),[3] rev'd in part on other grounds, Albertson v. Raboff, 46 Cal.2d 375, 295 P.2d 405 (1956). The special pecuniary damage is that which directly and immediately results from the impairment of the vendability of the land caused by the publication of the disparaging matter. Shenefield v. Axtell, 274 Or. 279, 545 P.2d 876 (1976); Kidd v. Hoggett, 331 S.W.2d 515 (Tex.Civ.App.1960); Gudger v. Manton, supra; McGuinness v. Hargiss, 56 Wash. 162, 105 P. 233 (Wash.1909).
>
> The court found that the recordation was with malice. However, it also concluded that the vendability of the property was not affected by the recordation of the deed of trust. Consequently, the claim for relief for slander of title was not established.
>
> A slander of title is a tort. In addition to that claim for relief, the complaint also sought to remove the cloud upon Greenspun's title caused by the recordation of the deed of trust. The *255 theory of this claim for relief was that Summa recorded the trust deed in breach of the oral rescission agreement heretofore discussed. This cause of action is to recover damages for breach of contract and is the claim for

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

relief which the district court found to have been established by the proof. Since the record supports that determination we may not disturb it…."

### G.    (Abuse of process by MILES, BAUER, BERGSTROM & WINTERS, LLP; GREATER NEVADA MORTGAGE SERVICES; and JEREMY T. BERGSTROM, ESQ.)

Movants state that an abuse of process does not rest in Plaintiff's claims of violation of NRS 107.080 in that a "trustee's sale does not require court proceedings."

Plaintiff has asserted that a tort would arise when there is clearly a showing that the use of Legal Notices (recorded Against property) where the information is false or not verified and the persons acting have no standing. The legal authority under NRS 107.080 provides the statutory authority to act. That process must be complied with by the proper parties and information as mandated.

As noted in Rashidi v. Albright, 818 F.Supp. 1354 (D. Nev., 1993) plaintiff's complaint is one of alleged abuse of process. Abuse of processs is a tort recognized to provide a remedy for cases in <u>which legal procedure has been set in motion</u> in proper form, with probable cause, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed. See Prosser & Keaton, Law of Torts, pg. 896 (1984). In Nevada, the two essential elements of abuse of process are: 1) an ulterior purpose behind the issuance of process; and 2) a willful act in the use of process not proper in the regular conduct of [818 F. Supp. 1359] the proceeding. <u>Bull v. McCuskey, 96 Nev. 706, 615 P.2d 957 (1980).</u>

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The common law tort of **abuse** of **process** arises when one uses the court's process for a purpose other than that for which the process was designed. Rusheen v. Cohen, 37 Cal. 4th 1048, 39 Cal. Rptr. 3d 516, 128 P.3d 713 (2006); Chung v. McCabe Hamilton & Renny Co., Ltd., 109 Haw. 520, 128 P.3d 833, 179 L.R.R.M. (BNA) 2431 (2006), as corrected, (Feb. 21, 2006) and as corrected, (Mar. 1, 2006) (liability for **abuse** of **process** is imposed when the putative tortfeasor uses legal process primarily for an ulterior motive); Wachter v. Gratech Co., Ltd., 2000 ND 62, 608 N.W.2d 279 (N.D. 2000) (one who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the **abuse** of **process**). An ulterior purpose is an essential element of **abuse** of **process**. Guider v. Churpeyes, Inc., 370 S.C. 424, 635 S.E.2d 562 (Ct. App. 2006). That is, for **abuse** of **process** to occur, there must be use of the process for an immediate purpose other than that for which it was designed and intended. International Motor Contest Ass'n, Inc. v. Staley, 434 F. Supp. 2d 650 (N.D. Iowa 2006) (applying Iowa law). Romeo v. Jones, 86 S.W.3d 428 (Mo. Ct. App. E.D. 2002), retransferred to Mo. Ct. of Appeals, (Oct. 22, 2002) and opinion adopted and reinstated after retransfer, (Nov. 4, 2002) (a defendant must have some ulterior purpose to support a common law action for **abuse** of **process**). This is so because ordinarily the lawful use of a court's process does not give rise to an **abuse** of **process** claim. Givens v. Mullikin ex rel. Estate of McElwaney, 75 S.W.3d 383 (Tenn. 2002

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

27

Rick Lawton's Law Office

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

There is nothing indicating that the statutory non-judicial foreclosure is NOT use of a legal Process.

## III.
## LEGAL STANDARD

Motions to dismiss are not favored. *See, e.g., United States v. City of Redwood City,* 640 F.2d 964 (9th Cir. 1981) (the accepted rule is a complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." [citations omitted]. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (U.S. 2007). After *Bell,* the basic "notice " pleading standard remains the rule in federal courts. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). It is not an onerous one. *See, e.g., Johnson v. Riverside Healthcare System, LP,* 534 F.3d 1116, 1122 (9th Cir. 2008). Rule 12 is viewed in context with Rule 1 – which articulates the primary goal of a just adjudication on the merits. *See, e.g., Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "A complaint should be dismissed only if it appears beyond a reasonable doubt that even if the plaintiff's factual allegations are true, he or she would still not be entitled to relief." *Edwards v. Direct Access, LLC,* 121 Nev. 929, 931, 124 P.3d 1158 (2005).

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

Rick Lawton's Law Office

**IV.**
**CONCLUSION**

The recent decisions of the Nevada Supreme Court, the 9th Circuit Court of Appeals, and this Court  have clearly established proper precedent to support Plaintiff's position that a question of fact exists, at this stage of the litigation to support the allegations of the claims. At this stage of the proceeds there are clear factual matters if proven could provide a valid cause of action. THE COURT SHOULD DENY THE MOTION TO DISMISS.

///

**AFFIRMATION PURSUANT TO NRS 239B.030**
**The undersign declares and affirms that the preceding document, Motion for reconsideration, DOES NOT CONTAIN THE SOCIAL SECURITY NUMBER OF ANY PERSON.**

DATED:  This 31st  day of October, 2011.

LAW OFFICE RICK LAWTON P.C.

BY_____
RICK LAWTON, ESQ.
State Bar # 00694
1460 Hwy 95A, North, Ste. 1
Fernley, Nevada 89408
(775) 575-2208

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net

1

**CERTIFICATE OF SERVICE**

Pursuant to NRCP 5(b), I, the undersigned, hereby certify that I am an employee of the Law Office of Rick Lawton, P.C., and that on this date I deposited for mailing at Fallon, Nevada, postage pre-paid, a true and correct copy of the OPPOSITION TO MOTION TO DISMISS to the following:
ALL ATTORNEYS OF RECORD:

[X]   AUTOMATIC   eFlex electronic notification pursuant to Local Rules of Second Judicial District. Or using the CM/ECF system which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

Dated: this 31st day of October, 2011

/s/ Lavinia Johnston

Lavinia Johnston

**INDEX TO EXHIBITS**

**1**   LEYVA vs NATIONAL DEFAULT                14 pages

**2**   Cervantes v. Countywide                    21 pages

**3**   AB 284                                     13 pages

**4**   JONES ORDER                                 4 pages

Rick Lawton's Law Office

1460 Hwy 95A N. Ste. 1
Fernley, Nevada 89408
Ph: 775-575-2208
Fax: 775-575-2406
1-877-626-4726
lawtonrick@earthlink.net