McCarthy & Holthus, LLP
Kristin Schuler-Hintz, Esq. NSB# 7171
Christopher M. Hunter, Esq. NSB# 8127
9510 W. Sahara, Suite 110
Las Vegas, NV 89117
Phone (702) 685-0329
Fax (866) 339-5691
chunter@mccarthyholthus.com

Attorney for Defendant, Greater Nevada Mortgage Services

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH MARLEY and MICHAEL B. MARILUCH, <br><br> Plaintiffs, <br><br> v. <br><br> GREATER NEVADA MORTGAGE SERVICES; FIRST CENTENNIAL TITLE COMPANY; MILES, BAUER, BERGSTROM & WINTERS, LLP; JEREMY T. BERGSTROM, ESQ. and DOES 1 – 25 CORPORATIONS, DOES and ROES 1 – 25 Individuals, Partnerships, or anyone claiming any interest to the real property described in the action, <br><br> Defendants. | CASE NO. 3:11-cv-00716-ECR-VPC <br><br> **GREATER NEVADA MORTGAGE SERVICES' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** |

COMES NOW Defendant, Greater Nevada Mortgage Services ("Greater Nevada"), by and through the undersigned attorney, and files this Reply to Plaintiffs' Response to Greater Nevada's Motion to Dismiss.

This Reply is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all pleadings and documents herein, as well as any argument that may be

1

presented at the hearing of this, or any other motions/matters; the Court is requested to take judicial notice as appropriate.

Dated:  10/31/2011                    McCarthy & Holthus, LLP


By: */s/Christopher M. Hunter* _____
Christopher M. Hunter, Esq.
Attorneys for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs have filed their standard 30 page opposition to the Motion to Dismiss.  Each cause of action is realleged while ignoring the substance, issue and argument set forth in the Motion to Dismiss.  Plaintiff assert that no documentation has been produced showing that Miles, Bauer, Bergstrom & Winters, LLP ("Miles, Bauer") had standing to initiate a foreclosure.  This notion completely ignores the chain of recorded documents set forth in the Motion to Dismiss.  Plaintiffs also rehash their theory that the note became separated from the deed of trust even though the loan is still held by the original lender.  Plaintiff never provides a single solitary citation of authority for how and why a note would become separated simply by being securitized or simply because of the presence of MERS on the deed of trust.  Then, as if the allegation has now become fact, the rest of Plaintiff's Response turns into a discussion of what happens when a note does become separated.  Plaintiffs also reallege their argument that Miles, Bauer was a debt collector and was required to be licensed when, in fact, Miles, Bauer is specifically exempted by statute from being licensed.

### II. LEGAL ARGUMENT

**A.  Plaintiffs' split the note theory is without merit**

Of particular relevance to this case is the opinion handed down on September 7, 2011 by the Ninth Circuit Court of Appeals in *Cervantes v. Countrywide Home Loans*, 656 F.3d 1054 (9th Cir. 2011). The court found that no injury resulted to plaintiffs therein from the use of MERS system and that the terms of the deed of trust undercut such theories such as MERS was designed to hide who the true owner of the loan is.

More importantly, the court in *Cervantes* speaks to the split note theory which Plaintiff utilizes as the principal basis for his complaint of wrongful foreclosure:

> Even if we were to accept the plaintiffs' premises that MERS is a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose. The legality of MERS's role as a beneficiary may be at issue where MERS initiates foreclosure in its own name, or where the plaintiffs allege a violation of state recording and foreclosure statutes based on the designation. *See, e.g., Mortgage Elec. Registration Sys. v. Saunders*, 2 A.3d 289, 294-97 (Me. 2010) (concluding that MERS cannot foreclose because it does not have an independent interest in the loan because it functions solely as a nominee); *Landmark Nat'l Bank*, 216 P.3d at 165-69 (same); *Hooker v. Northwest Tr. Servs.*, No. 10-3111, 2011 WL 2119103, at *4 (D. Or. May 25, 2011) (concluding that the defendants' failure to register all assignments of the deed of trust violated the Oregon recording laws so as to prevent non-judicial foreclosure). *But see Jackson*, 770 N.W.2d at 501 (concluding that defendants' failure to register assignments of the beneficial interest in the mortgage loan did not violate Minnesota recording laws so as to prevent non-judicial foreclosure). This case does not present either of these circumstances and, thus, we do not consider them.

*Id* *20

Here, MERS did not initiate the foreclosure against the Subject Property. Miles, Bauer, the duly appointed substitute trustee, initiated the foreclosure. Likewise, there is no allegation of failure to register assignments of the deed of trust. In fact, there is no assignment because the original lender still holds the loan, Greater Nevada. Unlike *Cervantes,* Miles, Bauer was already appointed as the foreclosure trustee by MERS as nominee for Greater Nevada. No further demonstration of agency or authority is required. Thus, there is no defect in foreclosure and the

Ninth Circuit has hopefully laid to rest the theory that the presence of MERS causes a note to separate from the deed of trust rendering the loan permanently unsecured.

Plaintiffs also reproduce a large portion of the discussion of the transfers of notes and deeds of trust as contained in the recent Nevada Supreme Court opinion in *Leyva v. National Default Servicing Corp., et al.,* 127 Nev., Advance Opinion 40 (2011).  This opinion is inapplicable to the issues in this case because *Leyva* is concerned only with an appeal in a mediation case conducted under the Nevada Mediation Program and the Nevada Supreme Court Foreclosure Mediation Rules.  Further, the Nevada Supreme Court specifically expressed no opinion in *Leyva* regarding the split note theory.  *Leva,* footnote 7 at page 12.  As a result, the citation to *Leyva* becomes yet again another recitation of the show me the note allegation.  This Court has ruled repeatedly that there is no duty by the lender in a non-judicial foreclosure to provide the original note to prove its holder in due course status.  *See* W*eingartner v. Chase Home Finance, LLC.*, 702 F. Supp.2d 1276, 1280 (D. Nev. 2010); *Croce v. Trinity Mortgage Assurance Corporation*, 2009 U.S. Dist. LEXIS 89808 (D. Nev. 2009); *Gomez v. Countrywide Bank,* 2009 U.S. Dist. LEXIS 108292 (D. Nev. 2009); *Wayne v. HomEq Servicing, Inc.*, 2008 U.S. Dist. LEXIS 83324 (D. Nev. 2008).

**B.  *Yslava* is inapplicable to this case**

Plaintiffs cite the Court's recent decision in *Ysalva v. World Saving* 3:11-cv-00363-RCJ to support his argument regarding standing. However, *Ysalva* is easily distinguishable. In *Ysalva v. World Savings* there was never a Substitution of Trustee recorded. Thus, the Court, referencing 2011 Nevada Laws Ch. 81 (A.B. 284), stated that "…it is very unlikely the Nevada Supreme Court would adopt Defendants' argument with respect to the law of agency and take a purported trustee's bare assertion of agency as sufficient in the present context."

Here, there is a recorded substitution and that substitution was recorded prior to the notice of default.  Thus, there is simply no issue regarding an agency allegation. Further, AB284

is completely inapplicable because there is no assignment of the deed of trust.  Further, AB284 only applies to foreclosures commencing after October 1, 2011.

### C. Plaintiff fails to address any of the other causes of action

Beyond the split note discussion, the remainder of Plaintiffs' response simply realleges all of the additional causes of action in Plaintiff's Complaint without addressing any of the issues set forth in the Motion to Dismiss.  Of particular concern is Plaintiffs continuation of the allegations regarding failure of Miles, Bauer, law firm specifically exempted from licensing requirements, to be licensed as a debt collector.

Under Local Rule 7-2(d), Plaintiff's "failure to file points and authorities in opposition to [the] motion constitutes a consent that the motion be granted." *Corey v. McNamara,* 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006) (citing *Abbott v. United Venture Capital, Inc.,* 718 F. Supp. 828,831 (D. Nev. 1989)); see also D. Nev. R. 7-2(d). This Court's Local Rules, "no less than the federal rules or acts of Congress, have the force of law." *Corey,* 409 F. Supp. 2d at 1228 (citations omitted). Based upon Plaintiff's failure to oppose the requested dismissal of the causes of action beyond wrongful foreclosure, Quality requests that this Court dismiss the Complaint's first, second, third, fourth, sixth, seventh, eighth and ninth claims for relief.

### III. CONCLUSION

For the reasons set forth above, the Motion to Dismiss should be granted.

Dated:  10/31/2011

McCarthy & Holthus, LLP

By: */s/Christopher M. Hunter*
Christopher M. Hunter, Esq.
Attorneys for Defendant, Quality Loan Service Corporation

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF MAILING**

I hereby certify that on the 31st day of October, 2011, a true and correct copy of the foregoing Reply to Response to Motion to Dismiss was served via CM/ECF which will sent a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

/s/ Ellen McAbee
An employee of McCarthy & Holthus, LLP