**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DEBORAH MARLEY and MICHAEL B. MARILUCH, <br><br>     Plaintiffs, <br><br> vs. <br><br> GREATER NEVADA MORTGAGE SERVICES; FIRST CENTENNIAL TITLE COMPANY; MILES, BAUER, BERGSTROM & WINTERS, LLP; JEREMY T. BERGSTROM, ESQ.; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, Partnerships, or anyone claiming any interest to the property described in the action, <br><br>     Defendants. | 3:11-CV-00716-ECR-VPC <br><br> **Order** |

Plaintiffs are homeowners who alleges that they are the victims of a predatory lending scheme perpetrated by Defendants.  Plaintiffs assert the following claims for relief: (1) Debt Collection Violations; (2) Violation of Unfair and Deceptive Trade Practice Act; (3) Violation of Unfair Lending Practices, N.R.S. 598D.100; (4) Violation of the Covenant of Good Faith and Fair Dealing; (5) Violation of NRS 107.080 et seq.; (6) Quiet Title Action; (7) Fraud in the Inducement and Through Omission; (8) Slander of Title; and (9) Abuse of Process.  Now pending is Defendant Greater Nevada Mortgage Services' ("Greater Nevada") motion to dismiss (#5), joined

(#7) by Defendants Miles, Bauer, Bergstrom & Winters LLP ("MBBW") and Jeremy T. Bergstrom, Esq. ("Bergstrom").

## I. Factual Background

Plaintiffs took out a loan in the amount of $305,000.00 (the "loan") memorialized by a Deed of Trust dated July 11, 2006 (the "Deed of Trust"), naming Defendant Greater Nevada as Lender, First Centennial Title Company ("First Centennial") as Trustee, and MERS as Beneficiary, with respect to the real property located at 3323 N. Truckee Lane, Sparks, Nevada 89434. (Compl. at ¶¶ 2-4 (#1-2).) Defendant First Centennial recorded the deed of trust on July 27, 2006 as Document No. 3418604. (Id. at ¶ 4.)

MERS, as nominee for Defendant Greater Nevada, executed a Substitution of Trustee naming Defendant MBBW as the new trustee under the Deed of Trust. (Substitution of Trustee (#5-2)[1]). The Substitution of Trustee was recorded on April 21, 2011 as Document No. 3995587.

Defendant MBBW executed a Notice of Default/Election to Sell under the Deed of Trust, signed by Defendant Bergstrom and recorded

---

[1] The Court takes judicial notice of the public records attached to Defendant Greater Nevada's motion to dismiss (#5) and referred to extensively in the complaint (#1-2) pursuant to Federal Rule of Evidence 201. See Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004). A court may consider documents incorporated by reference in the complaint or matters of judicial notice without converting a motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

on April 21, 2011 as Document No. 3995588.  (Compl. at ¶ 7 (#1-2); Notice of Default (#5-3).)

     On August 19, 2011, Defendant MBBW, through its agent Defendant Bergstrom, executed a first Notice of Trustee's Sale, setting a sale date for September 21, 2011.  (Compl. at ¶ 8 (#1-2).)  The first Notice of Trustee's Sale was recorded on August 23, 2011 as Document No. 4033709.

     On August 29, 2011, Defendant MBBW through its agent Bergstrom executed a Notice of Rescission of Notice of Sale, rescinding and withdrawing the first Notice of Sale.  (Id. at ¶ 9.)  The Notice of Rescission was recorded on September 21, 2011 as Document No. 4036840.  (Id.)

     On August 30, 2011, Defendant MBBW executed a second Notice of Trustee's Sale setting a sale date for September 29, 2011. (Compl. at ¶ 10; Notice of Sale (#5-4).)  The second Notice of Trustee's Sale was recorded on July 7, 2009 as Document No. 3778996.  (Id.)

## II. Procedural Background

     On September 27, 2011, Plaintiffs filed a complaint (#1-2) in the Second Judicial District Court of the State of Nevada in and for the County of Washoe.  On October 5, 2011, Defendants Greater Nevada removed the case to this Court via a petition for removal (#1).

     On October 13, 2011, Defendant Greater Nevada filed a motion to dismiss (#5) which included a request to expunge the lis pendens on the subject property.  On October 19, 2011, Defendants MBBW and Bergstrom joined (#7) in the motion to dismiss (#5) and request to

3

1  expunge the lis pendens.  Plaintiffs filed their response (#8) on
2  October 31, 2011.  Defendant Greater Nevada replied (#9) on October
3  31, 2011, and Defendants MBBW and Bergstrom joined (#11) in the
4  reply on October 10, 2011.

5

6                    **III. Legal Standard**

7       Courts engage in a two-step analysis in ruling on a motion to
8  dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atl. Corp.
9  v. Twombly, 550 U.S. 544 (2007).  First, courts accept only non-
10 conclusory allegations as true. Iqbal, 129 S. Ct. at 1949.
11 "Threadbare recitals of the elements of a cause of action, supported
12 by mere conclusory statements, do not suffice." Id. (citing Twombly,
13 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more
14 than an unadorned, the-defendant-unlawfully-harmed-me accusation."
15 Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of
16 discovery for a plaintiff armed with nothing more than conclusions."
17 Id. at 1950.  The Court must draw all reasonable inferences in favor
18 of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d
19 943, 949 (9th Cir. 2009).

20       After accepting as true all non-conclusory allegations and
21 drawing all reasonable inferences in favor of the plaintiff, the
22 Court must then determine whether the complaint "states a plausible
23 claim for relief." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550
24 U.S. at 555).  "A claim has facial plausibility when the plaintiff
25 pleads factual content that allows the court to draw the reasonable
26 inference that the defendant is liable for the misconduct alleged."
27

28                              4

1  <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).  This plausibility
2  standard "is not akin to a 'probability requirement,' but it asks
3  for more than a sheer possibility that a defendant has acted
4  unlawfully." <u>Id.</u>  A complaint that "pleads facts that are 'merely
5  consistent with' a defendant's liability...'stops short of the line
6  between possibility and plausibility of 'entitlement to relief.'"
7  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

8

9                          **IV. Discussion**

10  **A. Defendants' Motion to Dismiss (#5)**

11      Defendant Greater Nevada filed a motion to dismiss (#5)
12  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to
13  state a claim upon which relief can be granted.

14      1. Debt Collection Violations

15      Plaintiffs' first claim that Defendants' initiation of non-
16  judicial foreclosure of the property at issue violates the federal
17  Fair Debt Collection Practices Act ("FDCPA") as incorporated into
18  Nevada Revised Statutes § 649.370 fails as a matter of law.  At the
19  threshold, Plaintiff must establish that Defendants are debt
20  collectors within the meaning of the FDCPA.  The FDCPA defines "debt
21  collectors" as "any person who uses any instrumentality of
22  interstate commerce or the mails in any business the principal
23  purpose of which is the collection of any debts, or who regularly
24  collects or attempts to collect, directly or indirectly, debts owed
25  or due or asserted to be owed or due another." 15 U.S.C. §
26  1692a(6).  This definition specifically excludes any person who

27

28                              5

1  collects debts "to the extent such activity . . . (ii) concerns debt
2  which was originated by such person; [or] (iii) concerns a debt
3  which is not in default at the time it is obtained by such person."
4  15 U.S.C. § 1692a(6)(F).

5      Foreclosure pursuant to a deed of trust does not constitute
6  debt collection under the FDCPA.  Fitzgerald v. Clarion Mortg.
7  Capital, No. 3:10-cv-766, 2011 WL 2633502 at *5 (D. Nev. July 5,
8  2011) (citing Camacho-Villa v. Great W. Home Loans, No. 3:10-CV-210,
9  2011 WL 1103681, at *4 (D. Nev. Mar. 23, 2011)); see also Izenberg
10 v. ETS Servs., LLC, 589 F. Supp. 2d 1193 (C.D. Cal. 2008); Hulse v.
11 Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002).
12 Moreover, liability under Chapter 649 of the Nevada Revised Statutes
13 ("NRS") is premised on liability under the FDCPA.  NEV. REV. STAT. §
14 649.370.  Because Plaintiffs' FDCPA claim fails as a matter of law,
15 any claim made pursuant to Nevada law must also fail.  Thus, this
16 Court dismisses Plaintiffs' first claim for debt collection
17 violations.  Furthermore, because the Court finds that amendment
18 would be futile, Plaintiffs will be denied leave to amend.

19      2. Violation of Unfair and Deceptive Trade Practice Act

20     Plaintiff's second claim for violation of Nevada's Unfair and
21 Deceptive Trade Practice Act, NRS § 598.0923, also fails as a matter
22 of law and verges on frivolity.  According to the statute, a person
23 engages in deceptive trade practices when, in the course of his or
24 her business or occupation he or she knowingly conducts the business
25 or occupation without all required state, county, or city licenses.
26 NEV. REV. STAT. § 598.0923(1).  However, the statutes make explicit
27
28                                  6

that the following activities do not constitute "doing business" in the State of Nevada: (1) maintaining, defending or settling any proceeding; (2) creating or acquiring indebtedness, mortgages, and security interests in real or personal property; and (3) securing or collecting debts or enforcing mortgages and security interests in property securing the debts. NEV. REV. STAT. § 80.015(1)(a), (g)-(h). Because Defendants are explicitly exempted from acquiring licenses in this mortgage foreclosure case, the Court dismisses Plaintiffs' second cause of action.  Furthermore, this claim will be dismissed with prejudice because the Court finds that amendment would be futile.

### 3. Unfair Lending Practices

Plaintiffs' third claim for violation of Nevada's Unfair Lending Practices Act, NRS § 598D.100, is time-barred.  The statute of limitations for "[a]n action upon a liability created by statute" is three years.  NEV. REV. STAT. § 11.190 (3)(a).  Plaintiff obtained the loan at issue in 2006 and filed the complaint (#1-2) in 2011. Plaintiffs' claim for unfair lending practices is therefore untimely and must be dismissed with prejudice as amendment would be futile.

### 4. Violation of the Covenant of Good Faith and Fair Dealing

Plaintiffs' fourth claim also fails.  Pursuant to Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." A.C. Shaw Constr. v. Washoe Cty., 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205).  This duty requires each party not to do anything to destroy or otherwise injure the rights of the other

7

1  to receive the benefits of the contract.  Hilton Hotels Corp. v.
2  Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev. 1991).  To prevail
3  on a cause of action for breach of the implied covenant of good
4  faith and fair dealing, a plaintiff must show: (i) the plaintiff and
5  defendants were parties to a contract; (ii) the defendant owed
6  plaintiff a duty of good faith and fair dealing; (iii) the defendant
7  breached the duty by performing in a manner unfaithful to the
8  purpose of the contract; and (iv) the plaintiff's justified
9  expectations were denied.  Fitzgerald, 2011 WL 2633502 at *6 (citing
10 Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995)).

11     Plaintiffs make undifferentiated claims that all Defendants
12 breached the implied covenant by "luring" Plaintiff into the loan,
13 collecting on the loan, sending Plaintiff notices related to the
14 loan, and qualifying them for the loan. (Compl. ¶ 90 (#1-2).)
15 Plaintiffs further allege that Defendants breached the covenant when
16 they "offered the Plaintiffs consideration for loan modifications,
17 told them that the foreclosures would be postponed but they were
18 not." (Id. at ¶ 92.)  Plaintiffs have failed, however, to allege a
19 single fact that would establish that the manner in which Defendants
20 complied with the contracts at issue contravened the intention or
21 spirit of the contracts.  Plaintiffs' claim for breach of the
22 implied covenant of good faith and fair dealing will therefore be
23 dismissed.

24     5. Violation of NRS § 107.080 et seq.

25     Plaintiffs' claim that the foreclosure of the property is
26 wrongful rests primarily on the argument that Defendants have no
27
28                                  8

1  right to foreclose upon the property because they have not produced
2  the original note to prove the identity of the real party in
3  interest.  (See id. at ¶¶ 100-108.)  Plaintiff also alleges that her
4  obligations under the notes and deeds of trust were discharged when
5  the notes were securitized.  (Id. at ¶¶ 104-107.)

6      To the extent that Plaintiffs claim that the foreclosure is
7  unlawful because Defendants have not produced documents establishing
8  their authority to foreclose, Plaintiffs' claim is completely
9  without merit and belied by the judicially noticed documents.  The
10 facts delineated above indicate a statutorily valid foreclosure
11 wherein the trustee was properly substituted via publicly recorded
12 documentation.  (See Substitution of Trustee (#5-2).)  The
13 judicially noticed documents conclusively establish that Defendants
14 have fully complied with the requirements of Nev. Rev. Stat. §
15 107.080 in spite of Plaintiff's allegations to the contrary.

16     Furthermore, an action for the tort of wrongful foreclosure
17 will lie only "if the trustor or mortgagor can establish that at the
18 time the power of sale was exercised or the foreclosure occurred, no
19 breach of condition or failure of performance existed on the
20 mortgagor's or trustor's part which would have authorized the
21 foreclosure or exercise of the power of sale." Collins v. Union
22 Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); see also Cole
23 v. CIT Grp./Consumer Fin., Inc., No. 53561, 2010 WL 5134999, at *1
24 (Nev. Dec. 9, 2010) ("[A} viable wrongful foreclosure claim requires
25 that [Plaintiff] demonstrate that he had not breached his
26 obligations under the notes when the foreclosure proceedings were
27
28                                    9

1 instituted."). It is undisputed that Plaintiffs are in breach of
2 the loan agreement. Finally, "NRS 107.080 does not provide
3 plaintiff homeowners with a private right of action for tort
4 damages." Berilo v. HSBC Mortg. Cop., USA, No. 2:09-cv-02353-RLH-
5 PAL, 2010 WL 2667218, at *3 (D.Nev. June 29, 2010). As such,
6 Plaintiff's claim for wrongful foreclosure fails as a matter of law
7 and must be denied with prejudice as amendment would be futile.

8        6. Quiet Title

9        In Nevada, a quiet title action maybe brought "by any person
10 against another who claims an . . . interest in real property,
11 adverse to the person bringing the action, for the purpose of
12 determining such adverse claim." NEV. REV. STAT. § 40.010. "In a
13 quiet title action, the burden of proof rests with the plaintiff to
14 prove good title in himself. Breliant v. Preferred Equities Corp.,
15 918 P.2d 314, 318 (Nev. 1996). "Additionally, an action to quiet
16 title requires a plaintiff to allege that she has paid any debt owed
17 on the property." Lalwani v. Wells Fargo Bank, N.A., No. 2-11-CV-
18 0084, 2011 WL 4574388, at *3 (D. Nev. Sept. 30, 2011) (citing
19 Ferguson v. Avelo Mortg., LLC, No. B223447, 2011 WL 2139143, at *2
20 (Cal. App. 2d June 1, 2011)). Here, it is undisputed that
21 Plaintiffs are in breach of the loan agreement, and Plaintiffs have
22 alleged no facts demonstrating good title in themselves. In fact,
23 Plaintiffs admits that they encumbered the property. (Compl. ¶¶ 2-6
24 (#1-3).) Accordingly, the quiet title claim must be dismissed.
25 Furthermore, this claim will be dismissed with prejudice because the
26 Court finds that amendment would be futile.

27

28                              10

1      7. Fraud in the Inducement and Through Omission

2          In order to state a claim for fraud in the inducement, a

3  plaintiff must show that the defendant knowingly made a false

4  representation with the intent to induce the plaintiff to consent to

5  the contract's formation.  J.A. Jones Constr. Co. v. Lehrer McGovern

6  Bovis, Inc., 89 P.3d 1009, 1017 (Nev. 2004).  "In alleging fraud or

7  mistake, a party must state with particularity the circumstances

8  constituting fraud or mistake."  FED. R. CIV. P. 9(b).  In order to

9  meet the heightened pleading requirements, a plaintiff must specify

10 the time, place, and content of the misrepresentation as well as the

11 names of the parties involved.  See Yourish v. Cal. Amplifier, 191

12 F.3d 983, 993 n. 10 (9th Cir. 1999).  In a case with multiple

13 defendants, "Rule 9(b) does not allow a complaint to merely lump

14 multiple defendants together but requires plaintiffs to

15 differentiate their allegations when suing more than one defendant

16 and inform each defendant separately of the allegations surrounding

17 his alleged participation in the fraud."  Swartz v. KPMG LLP, 476

18 F.3d 756, 764-65 (9th Cir. 2007) (internal quotation marks and

19 citation omitted).

20         Plaintiffs' claims fail to satisfy the heightened pleading

21 standard of Rule 9(b).  Plaintiffs' allegations in support of these

22 claims are vague and entirely conclusory.  For this reason,

23 Plaintiffs' claim for fraud in the inducement must be dismissed.

24         Under Nevada law, a claim for fraudulent concealment must plead

25 that defendant concealed or suppressed a material fact that he or

26 she was under a duty to disclose to the plaintiff.  Nev. Power Co.

27

28                                      11

1  v. Monsanto Co., 891 F. Supp. 1406, 1415 (D. Nev. 1995) (citing

2  Nevada Jury Instruction 9.03).  Like many of Plaintiffs' claims,

3  this claim fails on its face.  It is well-settled that lenders and

4  servicers owe no fiduciary duties to mortgage borrowers.  Megino v.

5  Linear Financial, No. 2:09-CV-00370, 2011 WL 53086 at *5 (D. Nev.

6  Jan. 6, 2011) (quoting Yerington Ford, Inc. v. Gen. Motors

7  Acceptance Corp., 359 F.Supp.2d 1075, 1090 (D.Nev. 2004), overruled

8  on other grounds by Giles v. Gen. Motors Acceptance Corp., 494 F.3d

9  865 (9th Cir. 2007)); see also Kwok v. Recontrust Co., No. 2:09-cv-

10 02298, 2010 WL 255615, at *5 (D. Nev. June 23, 2010); Saniel v.

11 Recontrust Co., No. 2:09-cv-2290, 2010 WL 2555625, at *5 (D. Nev.

12 June 23, 2010); Renteria v. United States, 452 F.Supp.2d 910, 922-23

13 (D. Ariz. 2006) (holding that borrowers cannot establish the

14 reliance element of their claim because lenders have no duty to

15 determine the borrower's ability to repay the loan); Oaks Mgmt.

16 Corp. v. Superior Court of San Diego Cty., 51 Cal. Rptr. 3d 561, 570

17 (Cal. Ct. App. 2006).

18      Plaintiffs' allegations in support of these claims are vague

19 and conclusory, asserting only that Defendants failed to disclose

20 certain facts about the inner workings of the mortgage industry,

21 that Plaintiffs were not qualified for the loans, and that

22 Defendants had no right to foreclose on the property.  Moreover,

23 Plaintiff cannot show that Defendants owed Plaintiffs a duty to

24 disclose these alleged facts.  For this reason, Plaintiffs' claim

25 for fraud through omission must be dismissed with prejudice as

26 amendment would prove futile.

27

28                                  12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 8. Slander of Title

As the eighth claim for relief, Plaintiffs allege that
Defendants slandered Plaintiffs' title by recording the Notice of
Default.  To succeed on a slander of title claim, a plaintiff must
show "false and malicious communications, disparaging to one's title
in land, and causing special damages." <u>Exec. Mgmt., Ltd. v. Ticor
Title Co.</u>, 963 P.2d 465, 478 (Nev. 1998).  However, Plaintiff has
failed to state a claim because it is undisputed that Plaintiff is
in default.  <u>See</u> <u>Sexton v. IndyMac Bank FSB</u>, No. 3:11-cv-437, 2011
WL 4809640, at *5 (D. Nev. Oct. 7, 2011) ("Plaintiffs have failed to
state a claim because it is undisputed that Plaintiffs are in
default."); <u>Ramos v. Mortg. Elec. Registrations Sys., Inc.</u>, No.
2:08-CV-1089, 2009 WL 5651132, at *4 (D. Nev. Mar. 5, 2009)
(dismissing slander of title claim where Plaintiffs failed to
dispute that they were in default on their loan, nor was it false
that the property was to be sold at a trustee's sale).  In filing
the Notice of Default, Defendants stated that Plaintiff was in
breach of the loan agreement due to nonpayment.  Again, Plaintiffs
do not dispute that they are, in fact, in default.  Because the
statement is not false, Defendants cannot be held liable for slander
of title.  Furthermore, this claim must be dismissed with prejudice
because leave to amend would be futile.

## 9. Abuse of Process

Plaintiffs' claim for abuse of process fails because non-
judicial foreclosure is not the type of "process" addressed by the
abuse of process tort as, by definition, it does not involve

13

1  judicial action.   <u>Riley v. Greenpoint Mortg. Funding, Inc.</u>, No.

2  2:10-cv-1873, 2011 WL 1979831 at *5 (D. Nev. May 20, 2011); <u>see also</u>

3  <u>Barlow v. BNC Mortg., Inc.</u>, No. 3:11-CV-0304, 2011 WL 4402955 at *4

4  (D. Nev. Sept. 21, 2011) ("[T]he process at issue in this action is

5  a non-judicial foreclosure which is not the characteristic legal

6  action contemplated by an abuse of process claim . . . Therefore,

7  the court finds that [Plaintiff] has failed to state a claim for

8  abuse of process.") (citation omitted).   Accordingly, Plaintiff's

9  abuse of process claim must be dismissed with prejudice.

10  **B. Expungement of the Lis Pendens**

11       As part of the motion to dismiss (#5), Defendant Greater Nevada

12  requests the Court to expunge the lis pendens recorded against the

13  property.   Defendants MBBW and Bergstrom have joined (#7) in that

14  request.

15       Nevada statutory law allows a Notice of Pendency or a Lis

16  Pendens to be filed for an action pending in the United States

17  District Court for the District of Nevada when there is "a notice of

18  an action affecting real property, which is pending," in any such

19  court.   NEV. REV. STAT. § 14.010(2).   As this Order dismisses this

20  action, Defendants' request to expunge the lis pendens is granted.

21  <u>See</u> <u>McKinnon v. IndyMac Bank F.S.B.</u>, No. 2:11-CV-00607-KJD-GWF, 2012

22  WL 194426, at *5 (D.Nev. Jan. 23, 2012) (granting motion to expunge

23  lis pendens after dismissing all claims).

24

25

26

27

28                                              14

1

## **V. Conclusion**

2        Plaintiffs have failed to state a valid cause of action

3 relating the foreclosure of their home.  Moreover, the judicially

4 noticed public documents conclusively establish a valid non-judicial

5 foreclosure pursuant to Nevada law.

6

7        **IT IS, THEREFORE, HEREBY ORDERED** that Defendant Greater

8 Nevada's motion to dismiss (#5) and Defendants MBBW and Bergstrom's

9 joinder (#7) are **GRANTED**.

10        **IT IS FURTHER ORDERED** that the lis pendens on the property at

11 3323 N. Truckee Lane, Sparks, Nevada 89434, APN No. 028-445-14 is

12 **EXPUNGED**.

13

14        The Clerk shall enter judgment accordingly.

15

16

17 DATED: May 22, 2012.

18                                        _Edward C. Reed._

19                                    UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28                                    15